## COMMONWEALTH *vs.* TURNER MOULTON.

An officer, called as a witness for the Commonwealth in a criminal case, was asked what he did in consequence of what was told him as to the commission of the offence, and answered that he started to look for the defendant; and the presiding judge admitted the answer in evidence. *Held,* that the defendant had no ground of exception.

Allowing the Commonwealth, in a criminal case, after the defendant has given evidence tending to prove an *alibi,* to put in rebutting evidence, though of the same character as had been introduced at the opening of the case, is not subject to exception.

INDICTMENT for stealing a watch from the person of Henry B. Callender. At the trial in the court of common pleas, before *Sanger,* J., it appeared that the watch was stolen from Callender in the afternoon, while he was sitting in a hotel in Springfield, by a man who immediately ran out of the hotel, and was soon lost sight of. The only ground taken in defence was that the defendant was not the thief.

The district attorney, after calling two witnesses whose testimony tended to show that the defendant was the man, called an assistant city marshal of Springfield, who testified that he was informed of the larceny, immediately after it was committed. The district attorney then asked the witness: " Who were you informed had committed the offence ? " But the defendant objected, and the judge ruled out the question. The district attorney then put this question : " In consequence of what was told you, what did you do ? " The witness answered : " In consequence of what was told me, I started to look for Turner Moulton." The defendant objected to the latter part of the answer, and requested to have it stricken out of the case    But

the judge overruled the objection, and declined to grant the request; and the witness then testified that he arrested the defendant soon after he started to find him.

Another witness for the Commonwealth testified to having seen the defendant run out of the hotel, and through an alley to Main Street. After the case for the Commonwealth had closed, the defendant called witnesses to prove that, about the time at which the watch was proved to have been stolen, he was in a different part of the city, and could not have committed the offence. The district attorney, in reply, called only one witness, who testified that, about the time mentioned by the other witnesses, the defendant ran out of the alley, and crossed Main Street, where the witness was standing. The defendant objected to this evidence as merely cumulative. But the judge admitted it.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*E. W. Bond,* for the defendant.

*J. H. Clifford,* (Attorney General,) for the Commonwealth.

BY THE COURT. The first question put to the officer was clearly inadmissible, because it was a direct attempt to obtain from the witness evidence of what he had been told by others concerning the guilt of the prisoner; and this, being mere hearsay evidence, was properly ruled out. But the second question was competent; and the answer, though leading to a pretty shrewd suspicion that the prisoner was the man, was not open to the same objection, of being hearsay evidence.

The defendant having undertaken to prove an *alibi,* it was competent for the Commonwealth, in reply, to disprove it, even by evidence of the same character as that which had been put in at an earlier stage of the trial. To forbid the introduction of such evidence would be inconsistent with the ordinary, or with any convenient mode of trial. Besides; this objection is only to the order of introducing evidence, which must always be regulated by the discretion of the presiding judge. *Cushing* v. *Billings,* 2 Cush. 158. *Commonwealth* v. *Shaw,* 4 Cush. 593.

*Exceptions overruled.*