AHIN *vs.* WIDEMANN.

WRIT OF ERROR.

JULY TERM, 1888.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

A writ of error will not lie to reverse a judgment of the Court in a jury-waived case.

It is not the duty of the Clerks of the Court to prepare and issue a writ of error. It is the duty of the attorney of the party to see that the writ is prepared and issued.

OPINION OF THE COURT, BY PRESTON, J.

This action was commenced in June, 1887, and was brought to recover certain moneys paid by the defendant in error, for the the use of the plaintiff in error, with interest thereon.

A jury was waived at the October (1887) Term, and by consent of parties and the Court the case was heard before Mr. Justice Bickerton in December, and judgment was rendered and entered for the defendant in error.

On the 18th April, 1888, application was made to Mr. Justice McCully in Chambers, on behalf of the plaintiff in error, for a writ of error for certain causes assigned. On the 21st June the said Justice ordered the writ to issue, and the Clerk certified up the record and proceedings.

The case was placed on the calendar of the July Term, and was argued.

The first point to be considered is, whether a writ of error can issue in this or any similar case.

Section 1157 of the Civil Code provides that "Any party deeming himself aggrieved by the decision of a police justice or of a circuit judge at chambers, or of a circuit court in banco, or of any Justice of the Supreme Court, or by the verdict of a jury in any civil suit, may at any time before the execution thereon

is fully satisfied, within six months after the rendition of judgment, file with the Clerk of the Supreme Court his reasons for deeming himself aggrieved, assigning the causes of error in such decision or verdict."

Section 1158 provides the mode of obtaining the writ, which is by an application to a Justice of the Supreme Court, who may order the writ to issue commanding the Court or Clerk of the Supreme Court, as the case may be, to certify up the record and proceedings.

Upon the return of the writ with the record sent up, the Supreme Court may order the adverse party to join in error.

It will be observed that the statute provides for the issuing of a writ of error to certain courts and justices only, among which the Circuit Courts (except in banco) and the Supreme Court are not mentioned ; indeed, we cannot conceive a writ of error issuing from the Supreme Court to itself. A writ of error from its very nature can only be issued to a subordinate court or authority.

A trial of a case, the parties having .waived a jury, is a trial by the Court, and the decision is the decision of the Court and not the decision of a Justice. Sections 1137 and 1138, Civil Code.

It is contended that the decision or finding of the Justice on the facts is similar to the verdict of a jury, and in this connection we have to consider for what matters a writ of error to review the verdict of a jury can issue. Clearly not to review its finding on the evidence, for the evidence forms no part of the record ; it can only be for matters of law in the findings apparent on the record. For instance, where it is clear the verdict is not responsive to the issue raised, or where the verdict gives more damages than claimed, and the defendant has taken no other steps to set aside the verdict, or where in an action of ejectment the jury should award damages only, and not find that the plaintiff is entitled to the land, and similar cases. See *Kekaua et al. vs. Kalei et al.*, 3 Hawn., 713.

For the reasons above set forth, we are of opinion that a writ of error does not lie in the case at bar.

On looking at the record, we cannot find that any writ of error was issued in this case. From the proceedings it appears that the Justice ordered a writ to issue, but the attorney for the plaintiff in error took no further step. He did not see that the writ was issued. It is not the duty of the Clerks of the Court to prepare and issue such writs. The attorney of the party should prepare it, and see that it is issued.

The Clerk certified up the record without a proper order, and improperly entered the cause on the calendar. The case was never properly before the Court; and had the Court's attention been drawn to this circumstance it would not have heard the argument; but we have thought it advisable that parties should know the opinion of the Court as to the right to the writ, so that they may be able in the future to avoid unnecessary expense; we have, therefore, considered the case as if the writ had been issued.

All the proceedings in connection with this application must be set aside, and the order for the writ be vacated; the plaintiff in error (the defendant in the original suit) must pay all costs of the abortive proceedings.

*H. N. Castle,* for plaintiff in error.

*W. A. Whiting* and *J. M. Monsarrat,* for defendant in error.