## THE KING *vs.* YOK LAN.

### APPEAL FROM POLICE COURT, HONOLULU.

### SPECIAL TERM, MARCH, 1889.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

Defendant pleaded guilty to a charge of "being in unlawful possession of opium or a preparation thereof," and he was thereupon sentenced to pay a fine and be imprisoned at hard labor  On the following day defendant's counsel applied to the Police Justice to have the judgment set aside and the case re-heard; the Police Justice refused the application and the defendant appealed from the judgment in the original case.

Held, the defendant should have appealed from the decision of the Police Justice refusing the application for a re-hearing of the case, and not from the judgment in the original case.

An affidavit made after the appeal in the Police Court, and not entitled in any Court, was irregularly filed in Police Court and cannot be considered.

### OPINION OF THE COURT, BY PRESTON, J.

The defendant was charged before the Police Justice of Honolulu on the seventh day of December last with the offense of "being in unlawful possession of opium or a preparation thereof on December 6th," and to which charge the defendant plead "guilty," and he was thereupon sentenced to pay a fine of sixty dollars and costs, and to be imprisoned at hard labor for thirty days.

Another Chinaman (Ung Ing) who was arrested at the same time plead not guilty, and a *nolle prosequi* was entered as to him, and he was discharged.

On the following day Mr. Magoon, on behalf of the defendant, applied to the Police Justice to have the judgment set aside and the case reheard, on grounds mentioned in an affidavit filed therewith,

The Police Justice refused the application, and the defendant appealed from the judgment in the original case to this Court.

The appeal was called up on the 16th January, and counsel for defendant then moved "That the defendant be allowed to withdraw his plea of guilty and to substitute a plea of not guilty therefor, and to stand his trial on the said charge."

The Court (Mr. Justice Bickerton presiding) overruled the motion.

Counsel for the defendant then asked for a mitigation of the punishment, which the Court refused.

The defendant then excepted to the decision of the Court overruling the motion for leave to withdraw his plea of guilty.

The exceptions were argued on the eleventh instant.

### By the Court.

If the defendant thought the Police Justice was wrong in refusing the application for a re-hearing of the case, he should have appealed from that decision and not from the judgment in the case.

On this ground alone we think the exceptions should be overrule

The defendant's counsel having strenuously contended that the defendant, on the facts appearing in the affidavits filed in the Police Court, and which he alleges show great fraud and corruption, was entitled to have his application granted, such affidavits being uncontradicted must be taken as true, we have read the affidavits and will express our opinion upon the subject.

The affidavit of Aug Gau (Ung Ing) was made after the taking of the appeal in the Police Court. It is not entitled in any Court, was irregularly filed in the Police Court, and cannot be considered.

The defendant in his affidavit says "he was arrested in Honolulu at about seven o'clock P. M. on the 6th December, 1888, on the charge of having opium unlawfully in his possession, together with Aug Gau. That he has not been in this country very long, and does not speak or understand the native or English language."

The affidavit, after stating a conversation between the defendant and Aug Gau, wherein it was arranged that the defendant should plead guilty in order that Aug Gau might have a chance of being discharged, states: "That just before the above conversation with said Aug Gau deponent was asked by one of the policemen who arrested him, whose name is unknown to deponent, but whom deponent can identify, to pay him ten dollars, and that deponent would be discharged. That deponent took from his pocket ten dollars in U. S. gold coin, and the said policeman took it rather forcibly from deponent, who was rather reluctant to part with his money; but as the said policeman said that he (deponent) would get off, deponent did not further object to the taking of the money. That the case came on for hearing the seventh instant, and deponent replying upon and believing the statements of said policeman to deponent, that deponent would be discharged from said charge, or that at most he would only receive a money fine with three or four days at most imprisonment, did not employ counsel for his defense."

In no part of the affidavit does the defendant affirm his innocence of the charge; neither does he allege that the policeman induced him to plead guilty, but, on the contrary, he was to be discharged entirely on payment of the alleged bribe.

The Court cannot refrain from expressing its surprise that a practitioner of the Court should prepare and allow his client to swear to an affidavit, in one part of which the deponent states that he does not speak or understand the English or native

language; and in another part details an offer made by a policeman (a native) on payment of ten dollars to discharge him, or procure his discharge.

Even supposing all such allegations were true, there was no reason to grant the defendant's motion.

The exceptions are overruled, with costs.

*J. A. Magoon*, for defendant.

*A. P. Peterson*, Deputy Attorney-General, for the Crown.