# CASES DECIDED

BY THE

# SUPREME COURT

OF THE

# HAWAIIAN ISLANDS.

W. H. CUMMINGS *v.* MRS. NIAU IAUKEA and J. K. IAUKEA.

ERROR TO THE CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED MARCH 21, 1895.          DECIDED APRIL 2, 1895.

JUDD, C.J., BICKERTON AND FREAR, JJ.

An amendment was allowed by the Court to a petition for a writ of error by inserting an allegation that the judgment complained of was not fully satisfied, this appearing to be the fact and the amendment not appearing to prejudice the defendants.

A writ of error and a bill of exceptions are concurrent methods for the correcting of errors made in the lower Courts—the conditions and limitations in each method being different.

To avail one of a writ of error it is not essential that the point has been raised in the Court below and made the subject of exception.

The failure of the Clerk to note on his minutes that a demurrer had been argued and overruled and exceptions noted, does not suspend or postpone the judgment entered on the verdict.

OPINION OF THE COURT BY JUDD, C.J.

On the 25th May, 1894, the defendants in error obtained a verdict against plaintiff in error for $500. Judgment was entered thereon three days later. The plaintiff in error took cer-

tain exceptions to this Court which were heard at the last September term and decided adversely to him, October 15th. On the 17th December a writ of error was sued out, which came on for hearing at this term. The defendants in error moved that the writ be quashed on various grounds, the first one being that the petition for the writ does not contain an allegation that the judgment was not fully satisfied. The plaintiff in error asked this Court to allow him to amend his petition by inserting this allegation, it being admitted that the judgment was not in fact satisfied. We held in *Bowler v. McIntyre*, 9 Haw. 306, that "it should be alleged in the petition that the judgment was not fully satisfied, this being a statutory prerequisite for the issuance of the writ." In that case we refused to dismiss the writ on the ground of the omission of such an allegation because issue had been joined on the merits, though we would have dismissed the writ if the record showed that the judgment had been satisfied. In the case before us we think the amendment should be allowed. Under the general power of this Court to grant amendments in matters where we have original jurisdiction, we allow it because it will not prejudice the defendants in error—the object of the amendment being to have the petition correspond with the facts.

The third ground for quashing the writ is that "the writ was not issued within six months from the rendition of the judgment complained of." The petition does not contain an allegation that the writ was brought within the six months. Counsel for plaintiff in error shows as follows: A demurrer was interposed by him January 20, 1894, before the trial in the Circuit Court, he having discontinued his answer of the day previous. The demurrer was substantially a plea of misjoinder of the defendant in error's husband. It was argued on the 25th May and overruled and the case proceeded immediately to trial. (It should be stated here that defendant in error filed a plea of general issue on the 22d May.) When the exceptions were argued before us the plaintiff in error asked us to consider the

misjoinder of the husband of defendant in error. We found, October 15th (see *Iaukea v. Cummings*, 9 Haw. 558) that the question was not cognizable before us because the record did not show that any exception was taken or allowed to the overruling the demurrer on that ground and was not sent up in the bill of exceptions. Thereupon the plaintiff in error, on the 6th December, upon motion and notice to opposing counsel, obtained an order of the Circuit Judge presiding at the trial that an amendment be made on the clerk's minutes as of May 25, 1894, (the day of the trial) to wit, "The demurrer having been argued by the respective counsel, and overruled by the Court, the defendant noted exceptions to the Court's ruling." The counsel for plaintiff in error contends that as the cause was still on the clerk's docket the judgment was not final and therefore the statutory period of limitation of six months had not run. We fail to appreciate the soundness of this proposition. The judgment on the verdict was entered May 25, 1894; exceptions had been overruled and there was nothing left to be done to perfect the judgment. The writ of error was sued out on the 17th December, nearly seven months after the judgment was entered. The failure to enter on the minutes the fact that the demurrer was overruled and that exceptions were noted had no effect to suspend or postpone the judgment. This failure was the reason why the Circuit Judge disallowed an exception to his overruling the demurrer and why it was not incorporated in the bill of exceptions. But the exceptor could have availed himself then and there, when this ground of exception was refused, of the proofs that he thereafter on the 6th December presented to the Judge, that an exception had been in fact noted and that the clerk had omitted it from his minutes by inadvertence. If the question of the alleged misjoinder had been sent up to us in the bill of exceptions we would have considered it, and if the Circuit Court had refused to allow the correction, the exception could have been proved before us on evidence sustaining the allegation. See Sec. 74, Judiciary Act.

But, even if no exception had in fact been taken to the over-ruling of the demurrer, or if the demurrer had not been interposed at all, a writ of error on the point of the alleged misjoinder could have been sued out within six months from the rendition of judgment if the judgment had not been satisfied. .

The counsel for the plaintiff in error is under the impression that in order to avail himself of a writ of error he must have raised the point in the Court below and perfected his exceptions, if not sustained. This is not the law. "Any error appearing on the record, either of law or fact, or any cause which might be assigned as error at Common Law," may be corrected by writ of error. Sec. 3, Chap. 95, Laws of 1892. Undoubtedly if the ground of error in the cause had been made matter of exception and had been decided in the Supreme Court, error would not lie—because the question would be *res adjudicata*. But the statute now makes a writ of error and a bill of exceptions concurrent methods for the correcting of errors made in lower courts—the conditions and limitations in each method being different.

It was competent for plaintiff in error to have petitioned for his writ, within the statutory time, even though he had demurred, and even if he had not demurred and the record did not state that the demurrer had been argued and decided against him and that he had excepted to the ruling. If it was essential to his case on the writ of error to show that the record was incomplete, he could, before joining in error, suggest a diminution of the record or procure a writ of *certiorari*.

We have been thus minute in our discussion of this case, as the Act of 1892 is new and the practice under it is not fully settled. The writ is quashed on the ground that it was not sued out within six months after rendition of judgment.

*W. C. Achi*, for plaintiff in error.

*E. Johnson* and *J. L. Kaulukou*, for defendants in error.