MARY K. TIBBETS *v.* S. PALI, as Guardian for Oliva Lahela.

ERROR TO CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JUNE 22, 1903.        DECIDED AUGUST 3, 1903.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

Exceptions taken to a judgment of a Circuit Court to this court do not suspend such judgment so far as to prevent the running of the six months' limitation within which a writ of error may be issued under Section 1443, C.L.

The plaintiff sued out a writ of error in this court to the Circuit Court of the First Circuit. The defendant presented a motion to quash the writ on four separate grounds.

It appears from the record that the judgment was entered in the case in the Circuit Court on the 29th day of August, 1899, and a bill of exceptions allowed and filed on September 5th, 1899; that the exceptions were argued in this court, November 25, 1902, and overruled December 10th, 1902, and the writ of error was issued on the 9th day of June, 1903.

The first ground of the motion to quash is that the "writ was not issued within six months from the rendition of the judgment complained of." This ground seems to be well taken.

It is contended on behalf of the plaintiff that the exceptions taken to this court suspended the operation of the judgment of the Circuit Court for all purposes and prevented the running of the six months statute of limitation within which the writ must issue and that this period of limitation only commenced to run from the overruling of the exceptions by this court, namely, December 10, 1902, and that the writ was issued within six months of this latter date.

The statute, Section 1443, C. L., authorizes the writ to issue, "at any time before execution thereon is fully satisfied, within six months from the rendition of judgment." The phrase "rendition of judgment" used in the statute can only refer to the judgment by which the plaintiff claims to be aggrieved, namely, the judgment of the court to which the writ is directed, in this instance the judgment of the Circuit Court, rendered on the 29th day of August, 1899.

This precise point seems to have been passed on by this court, in *Cummins v. Iaukea,* 10 Haw. 1, 3, where it was raised, as in this case, by motion to quash the writ. In that case the judgment complained of was entered May 28, 1894. Exceptions were taken to this court and overruled October 15, 1894, and

the writ of error was issued on December 17, 1894. In sustaining a motion to quash the writ on the ground that it had not been issued within six months from the rendition of judgment, the court said: "We fail to appreciate the soundness of this position. The judgment on the verdict was entered on May 25, 1894; exceptions had been overruled and there was nothing left to be done to perfect the judgment. The writ of error was sued out on the 17th of December, nearly seven months after the judgment was entered."

In the case at bar the writ was not issued until over three years and nine months after the judgment was entered. This is entirely too late.

The motion is granted and the writ is quashed on the ground that it was not issued within six months from the rendition of judgment.

*J. J. Dunne* for plaintiff.

*C. F. Peterson* for defendant.