LO TOON, ALIAS LO CHOON, PLAINTIFF IN ERROR, *v.* THE TERRITORY OF HAWAII, DEFENDANT IN ERROR.

ERROR TO CIRCUIT COURT, FOURTH CIRCUIT.

SUBMITTED DECEMBER 5, 1904.  DECIDED DECEMBER 27, 1904.

FREAR, C.J., HARTWELL AND HATCH, JJ.

WRIT OF ERROR.

> An exception taken during the trial is not necessary in order to support a writ of error.

ASSAULT—*with intent to murder.*

> On a charge of an assault with intent to murder the intent is an essential ingredient.  It must be proved as is any other fact.

It may be proved by circumstantial evidence. The jury may infer
intent from the manner of the accused in committing the assault,
the nature of the weapon used and of the wound inflicted, the
absence of provocation or excuse, and the motive, if a criminal
motive is shown.

INTERPRETER.

An objection to the competency of an interpreter or to the cor-
rectness of his interpretation does not raise a question of law.

EVIDENCE—*rebuttal.*

The admission of evidence in rebuttal which might have been
offered in chief is within the discretion of the trial court. Evi-
dence to disprove an alibi may be received in rebuttal, although
it tends to support the testimony in chief of the prosecution.

### OPINION OF THE COURT BY HATCH, J.

This is a writ of error to the circuit court of the fourth cir-
cuit. The plaintiff in error was convicted at the November
term, 1903, of the circuit court of the fourth judicial circuit of
an assault with a dangerous weapon with intent to commit
murder upon one Anama. Three assignments of error are here
relied upon. As stated in the brief of the plaintiff in error they
are as follows: First, no intent to commit murder was shown
by the evidence. Second, mistakes in interpretation from Chi-
nese to English were allowed to go to the jury uncorrected over
defendant's objections. Third, evidence tending to prove the
defendant was near the place where the offense was committed
was introduced by the prosecution on rebuttal over the defend-
ant's objections. The testimony shows that Anama was sitting
in his kitchen talking with his wife on the evening of the third
day of October, 1903; that about six o'clock or later the plaintiff
in error suddenly entered the kitchen, swiftly approached
Anama, seized him by the shoulder, held a pistol near his head
and discharged it and then rapidly left the apartment. It was
shown that criminal relations had existed between the accused
and the wife of Anama; that she had recently put an end to
these relations and had forbidden the accused to approach her.
The defense was an alibi. In rebuttal of the alibi the prosecu-

tion offered testimony tending to show that the accused was seen near the scene of the assault not long before it took place.

The first assignment of error relied upon is that no intent to commit murder was shown by the evidence. A preliminary objection is made on behalf of the defendant in error that the errors assigned cannot be raised for the first time in this court, no exception having been taken at the trial. This was not necessary. This point was settled in *Cummings v. Iaukea,* 10 Haw. 1. The question presented by this assignment is whether any evidence appears in the record which would support the conviction. We are prohibited from considering the weight of the evidence or any question depending upon the credibility of witnesses. C. L., Sec. 1447. Whether there was any evidence at all, however, is a question of law. *Cox v. Drake,* 46 N. J. L. 167. The intent to commit murder, as is contended by the plaintiff in error, was an essential ingredient of the offense charged and to support the conviction must have been found by the jury as a fact. It is well settled, however, that the intent need not have been shown by direct proof. What is passing in the human mind is rarely to be proved by direct evidence. The law does not require impossibilities. Even if declarations are made by the accused at the time of the commission of an offense, they do not furnish infallible proof of the intent. The intent of a defendant, when it is essential to be shown, is better proved by evidence of his acts than of his declarations. *Henderson v. People,* 124 Ill. 607. Nor need the intent be shown by direct and positive testimony, as it may be inferred from circumstances. *Com. v. People,* 116 Ill. 458. "Specific proof of intent is not essential, but the intent may be proved by evidence of the attending facts and circumstances. * * * The jury were justified in taking into consideration the character and manner of the assault; that it was made deliberately with a weapon capable of producing death." *Weaver v. People,* 132 Ill. 536. The intent may be inferred from the nature of the weapon. *Doolittle v. State,* 93 Ind. 272. "The intent with which the act was done is a question of fact either to be shown by the declarations of the

party or to be inferred from the character, manner and circumstances of the assault. * * * Intent is a matter of fact and cannot be implied as a matter of law, but it may be inferred from the use of a weapon or instrument calculated to produce death, or from an act of violence from which ordinarily in the usual course of things death or great bodily harm may result." *Crosby v. People,* 137 Ill. 337. "The intent to kill must undoubtedly be established as an inference of fact to the satisfaction of the jury, but they will draw that inference as they draw all other inferences from any fact in evidence which to their minds fairly proves its existence. Intentions can only be proved by acts as juries cannot look into the breast of the criminal. And where any act is knowingly committed which naturally and usually leads to certain consequences, a jury certainly has the right, in the exercise of ordinary sagacity, to draw the inference that such results are intended." *People v. Scott,* 6 Mich. 287, 295. The cases relied upon by the plaintiff in error do not controvert this position. In *Roberts v. People,* 19 Mich. 401, chiefly relied upon by the plaintiff in error, the question was as to the instructions given to the jury. It was held that the jury should not have been told that if they should find the defendant made the assault alleged, in the manner and with the instrument charged in the information, the law inferred the intent charged, and they were at liberty to find the defendant guilty, whether they were satisfied of the intent or not as a matter of fact; but the court also distinctly held as follows: "By saying, however, that the specific intent to murder * * * must be proved, we do not intend to say it must be proved by direct, positive or independent evidence. * * * The jury may draw the inference as they draw all other inferences from any facts in evidence which to their minds fairly prove its existence; and in considering the question they may and should take into consideration the nature of the defendant's acts constituting the assault, the temper or disposition of mind with which they were apparently performed, whether the instrument and means used were naturally adapted to produce

death, his conduct and declarations prior to, at the time and after the assault and all the other circumstances calculated to throw light upon the intention with which the assault was made." In *People v. Mize,* 80 Cal. 41, the question arose over instructions which tended to take from the jury the question of intent. The case did not hold that the intent could not be inferred from the facts, but that the jury should not be instructed in such manner as to take from them the right to pass upon the question of intent. *People v. Landman,* 103 Cal. 577, turned also upon the construction of the charge of the court, the charge being held to have trenched upon the province of the jury in passing upon matters of fact. In *People v. Sweeney,* 55 Mich. 586, the holding was that the presumption that a sane man must be held to intend the necessary and probable consequences of his own acts, though a very important circumstance in making the proof of intent is not conclusive nor alone sufficient and should be supplemented by other testimony to avoid a reasonable doubt. In the present case no exception was taken to the charge of the court. It nowhere appears that the jury were instructed to give any weight to the presumption above stated. In our opinion there was sufficient evidence, irrespective of the presumption, to support a finding of intent to murder. In light of the authorities above cited the jury were justified in finding the intent from the circumstances surrounding the assault; the manner of the accused; his swift approach; his seizing Anama by the shoulder; his deliberation in placing the pistol near Anama's head and discharging it; the nature of the weapon used and the nature of the wound inflicted; the manner and conduct of the accused in making the assault; the absence of provocation or excuse and the impossibility that the assault, under the circumstances shown by the evidence, could have been accidental. In addition to these circumstances, all of which are matters of fact and entirely distinct from a presumption of law, was the motive resulting from the illicit relations between the accused and the wife of Anama; although an obvious distinction exists between motive and intent, motive being of no conse-

quence where intent is clearly shown, and a good motive being no excuse for a criminal act; yet where a criminal motive is clearly established it may be considered as evidence of intent (*People v. Lane,* 100 Cal. 379, 388), and, in cases depending upon circumstantial evidence, motive often becomes not only material but controlling. *People v. Fitzgerald,* 156 N. Y. 253, 258. We hold that no error has been shown on this assignment.

The second assignment of error as above quoted is as the same is stated in the brief of the plaintiff in error. In the assignment of errors the error is stated as follows: "V. That the trial court erred in ruling as follows during the cross-examination of Fong Ting, (p. 49 of evidence). Mr. Smith: Now if the court please, I have listened to what has been given by the interpreter for some time and two parties have come to me and said there were misinterpretations. I suppose they are misinterpretations. 'I came from supper at half past five.' The interpreter put it to the jury, 'I came from work at half past five.' If it were an immaterial matter I would not make any objection, but as it is material I must object to the interpretations that have been given. Argument by counsel. The court questions the interpreter. The court: Proceed." This presents no question of law. The assignment shows merely an objection by counsel. No exception appears to have been taken to the ruling of the court, nor was any effort made to show by testimony that the interpretation was wrong. As the matter stood the question of the competency of the interpreter was a question of fact. The finding, even if a proper foundation were laid, could not be reviewed on error. Competency of a juror, even, cannot be examined on a writ of error on the ground that the question is one of fact only. *In re Buchanan,* 158 U. S. 31. As to the oath of the interpreter, no sufficient showing has been made to overcome the presumption that he was sworn before entering upon the discharge of his duty. *Com. v. Kane,* 108 Mass. 423; *Nofire v. U. S.,* 164 U. S. 657.

The third ground of error relied upon arises on the sixth, seventh and eighth assignments. The plaintiff in error con-

tends that evidence tending to prove that defendant was near the place where the offense was committed is improper rebuttal. The defense was an alibi. It was fully competent for the prose-cution, upon this defense being set up, to offer evidence tending to destroy the alibi. The fact that such evidence incidentally supported the case of the prosecution does not render it inadmissible. When evidence has been given on behalf of a prisoner to prove an alibi the prosecution is entitled to offer rebutting evidence to prove his presence. *State v. Lewis,* 69 Mo. 92; *State v. Maher,* 74 Ia. 77; *Com. v. Moulton,* 70 Mass. 39. Testimony which tends to weaken the evidence for the defense is not objectionable in rebuttal because it also tends to strengthen the evidence of the state. *State v. Magoon,* 50 Vt. 333. The whole matter, however, of the admission of evidence in rebuttal, which might have been offered in chief, was within the discretion of the trial court and cannot be reviewed on error. *Goldsby v. U. S.,* 160 U. S. 70; *Simmons v. People,* 150 Ill. 66; *Com. v. Bell,* 166 Pa. St. 405.

We find no error in the record. The writ of error is dismissed.

*Thayer & Hemenway* for plaintiff in error.

*W. S. Fleming, assistant attorney general,* for defendant in error.