Kaehu v. Namealoha, 20 Haw. 516.

## ANE KAEHU *v.* MEEAU NAMEALOHA.

MOTION TO QUASH WRIT OF ERROR.

ARGUED MAY 15, 1911.                    DECIDED MAY 20, 1911.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

APPEAL AND ERROR—*error to decision in jury-waived case.*

A writ of error does not lie to a decision of a circuit court in a case tried without a jury where final judgment has not been entered in the case.

OPINION OF THE COURT BY ROBERTSON, C.J.

The defendant moves to quash the writ of error issued in this case to the circuit court of the second circuit "for the reason that no final judgment has been entered in the above entitled cause."

The action, which was one of ejectment, was tried in the court below jury waived. At the conclusion of the trial the judge took the case under advisement and on October 17, 1910, rendered and filed a decision holding that the plaintiff and defendant were tenants in common and that the plaintiff was not entitled to recover. Thereafter plaintiff's counsel submitted a form of judgment which he asked the court to order to be entered. The court declined to do that on the ground "that on the 17th day of October, A. D. 1910 the Judge of this Court rendered final judgment in this cause, which final judgment was immediately filed and was entered in the judgment book." The decision referred to was designated in the caption, "Decision," and it bears none of the ear-marks of a technical judgment. It cannot properly be regarded as a judgment.

The statute provides that in actions of law tried to the court without a jury "the court shall hear and decide the cause, both as to the facts and the law, and its decision shall be rendered in writing stating its reasons therefor." R. L. Sec. 1747, as amended by Act 117, Laws of 1909. In *Kapepee v. Kupahi,*

16 Haw. 799, it was held that the decision and the judgment might be incorporated together, when signed by both the judge and the clerk. Good practice, however, would require that the judge should render his written decision and, that the clerk should thereupon enter a judgment pursuant to that decision in accordance with R. L. Sec. 1804, as amended by Act 83, Laws of 1907. In this case the circuit judge should have caused the judgment to be entered as asked, for by the plaintiff.

The question presented for determination is whether a writ of error will lie to a decision of a circuit court in a jury-waived case where no formal judgment has been entered by the clerk.

Section 1869 of the Revised Laws authorizes a writ of error to review the decision of any court except the supreme court. Section 1870 provides that "writs of error shall lie to any decision or ruling by a judge in any case in which jury has been waived." The word "judge" in that section must be construed as meaning "court," as the decision in a jury-waived case is that of the court and not of the judge. *Ahin* v. *Widemann,* 7 Haw. 333. We think, therefore, that Section 1870 adds nothing to Section 1869, under the provisions of which the writ lies to review decisions of circuit courts in jury-waived cases. The legislature enacted Section 1870 possibly out of abundant caution in view of the ruling made in *Ahin* v. *Widemann,* that, under statute then in force, a writ of error did not lie to the judgment in a jury-waived case.

Section 1869 contemplates the entry of a judgment. The term "writ of error" must be taken in its common law acceptation, and is to be understood as being a proceeding aimed at final judgment in a case in which error is claimed to have been committed, for the purpose of bringing up the record in order that the error may be rectified. "On error the final judgment alone is brought up, the specific rulings, whether excepted to or not, are considered only incidentally in passing upon the correctness of the final judgment; the entire record is brought up, and the judgment of the appellate court is such as the facts

and law warrant as shown by the entire case." *Territory* v. *Cotton Bros.,* 17 Haw. 374, 381.

Final judgment must, therefore, have been entered in the cause. The word "rendition" as used in Section 1869 is to be construed as meaning the "entry" of the judgment. *Cummings* v. *Iuakea,* 10 Haw. 1, 3; *Tibbets* v. *Pali,* 15 Haw. 137; *Cornwell* v. *Wailuku Sugar Company,* ante, p. 513.

Upon the entry of the judgment in the original case the plaintiff may, if she be so advised, have her writ of error.

The motion to quash the writ of error must be granted. The writ is, accordingly, quashed.

*Douthitt & Coke* for the motion.

*T. M. Harrison* contra.