Syllabus.

## IN THE MATTER OF THE APPLICATION OF NE-VENCIO GAMAYA FOR A WRIT OF HABEAS CORPUS.

### No. 1268.

### ORIGINAL.

ARGUED APRIL 6, 1920.                    DECIDED APRIL 12, 1920.

### COKE, C. J., KEMP AND EDINGS, JJ.

HABEAS CORPUS—*errors and irregularities not to be reviewed by.*

It is well settled that a writ of habeas corpus will not be per-mitted to perform the functions of a writ of error or appeal for the purpose of reviewing errors or irregularities in proceedings of a court having jurisdiction over the person and the subject-matter.

SAME—*same.*

Where the evidence is insufficient to support a verdict finding a defendant guilty of a crime the conviction would be voidable but not void and the defendant's remedy would be by exception or error.

SAME—*same.*

The writ of habeas corpus will not issue unless the court under whose warrant the prisoner is held is without jurisdiction. The writ cannot be used to correct errors.

### OPINION OF THE COURT BY COKE, C. J.

The petitioner, Nevencio Gamaya, was indicted by the grand jury of the circuit court of the second circuit for the crime of rape alleged to have been committed upon one Asano Shimizu. The indictment charges as follows: "that Nevencio Gamaya at Waikapu in the County of Maui, Territory of Hawaii, on to wit the 23rd day of May 1919 did ravish and have carnal intercourse with one Asano Shimizu, a female person, by force and against her will. Contrary to the form of the statute in such

cases made and provided." The cause was tried before a jury which resulted in the following verdict: "We, the jury, in the above entitled cause, find the defendant not guilty of the offense of rape, but guilty of an indecent assault." Upon this verdict, fixing the guilt of the petitioner, he was sentenced to imprisonment at hard labor for a term of five years and to pay a fine of one hundred dollars and the costs of the trial. A mittimus was issued and petitioner was delivered to the custody of the high sheriff of the Territory and is now serving the sentence imposed upon him. The petitioner made application for a writ of habeas corpus. The writ was ordered by the chief justice and made returnable before the supreme court on April 6, 1920. W. P. Jarrett, the high sheriff, made return to the writ by showing that the prisoner is held by him by virtue of the mittimus issued out of the circuit court. The high sheriff through the attorney general's department also interposed a demurrer to the petition for the reasons: "(1) That the said writ of habeas corpus and the petition therefor does not state facts sufficient to entitle the petitioner to the relief prayed for or any relief. (2) That the said petitioner is not entitled to the writ of habeas corpus to review any error that may have been committed in the circuit court of the second judicial circuit in this case; (3) That the writ of habeas corpus cannot be used to take the place of a writ of error, bill of exceptions, or other method provided by law for a review in the supreme court of cases tried in the circuit court."

The petitioner urges that as he was tried under an indictment charging the crime of rape the verdict of the jury finding him guilty of an indecent assault was unwarranted by law and the sentence imposed upon him by the court is void and his incarceration illegal. Section 3894 R. L. 1915 defines the crime of rape and prescribes

punishment therefor as follows: "Whoever commits a rape, that is, ravishes or has carnal intercourse with any female, by force and against her will, shall be punished by a fine not exceeding one thousand dollars, and imprisonment at hard labor for life or any number of years." Indecent assault is defined in section 3897 as follows: "Whoever takes indecent or improper liberties with the person of a female child under the age of twelve years without committing or intending to commit the crime of rape shall be deemed guilty of indecent assault and on conviction thereof shall be punished by a fine not exceeding one thousand dollars or imprisonment at hard labor for not more than five years or both." Section 3898 provides that "Under an indictment charging a defendant with rape or with carnal abuse of a female child under the age of twelve years or with assault with intent to commit either of said offenses, the jury may find the defendant guilty of indecent assault if the facts so warrant." Under the last section authority is conferred upon a jury to return a verdict of guilty of indecent assault, if the facts warrant, under an indictment charging the defendant with rape. The facts which would justify a verdict of that nature would be that the defendant had taken indecent or improper liberties with the person of a female child under the age of twelve years without committing or intending to commit the crime of rape.

For ought that the record before us discloses every element which constitutes the crime of indecent assault may have been fully established before the jury and in that event the judgment of conviction and the sentence imposed would be entirely proper. In the absence of any showing to the contrary we must presume that evidence was adduced at the trial sufficient to sustain the verdict. (12 Cyc. 887, 888.) If as a matter of fact the female alleged to have been assaulted was of the age of twelve

years or over, or if for any other reason the evidence was insufficient to support the verdict, the conviction would be voidable but not void and the petitioner's remedy would be by exception or error.

It is well settled that a writ of habeas corpus will not be permitted to perform the functions of a writ of error or appeal for the purpose of reviewing errors or irregularities in proceedings of a court having jurisdiction over the person and the subject-matter. In the present case it cannot be contended that the court did not have jurisdiction over the defendant or the crime of which he was found guilty. The purposes for which the writ of habeas corpus may be employed and the rules in respect thereto are announced in *Ex Parte Fugihara Oriemon*, 13 Haw. 102. *In re Belt*, 159 U. S. 100, it is said that a fundamental rule governing the issuance of the writ of habeas corpus is "that the writ of habeas corpus will not issue unless the court under whose warrant the petitioner is held is without jurisdiction; and that it cannot be used to correct errors." See also *People* v. *Heider*, 225 Ill. 347.

The writ is discharged and the petitioner remanded.

*Eugene Murphy* for petitioner.

*J. Lightfoot*, Deputy Attorney General, and *E. R. Bevins*, County Attorney of Maui, for respondent.