## TERRITORY OF HAWAII *v.* TOSHIO TAMASHIRO.

### No. 2633.

---

ARGUED FEBRUARY 20, 1947.            DECIDED FEBRUARY 21, 1947.

KEMP, C. J., PETERS AND LE BARON, JJ.

*Per Curiam.* This is a writ of error taken by and on behalf of the Territory of Hawaii from the circuit court direct to the supreme court in a criminal case from an order sustaining a demurrer to an indictment. Defendant in error has moved to dismiss the writ of error upon the ground that the alleged errors assigned in the assignment of errors were not made the subject of an exception at the time they were respectfully committed, as required by the provisions of Revised Laws of Hawaii 1945, section 9564, the pertinent portion of which is quoted in the margin.[1]

---

[1] "Nor shall there be a reversal in any term case for any defect of

No formal judgment sustaining the demurrer was filed. The court rendered a written decision assigning its reasons for sustaining the defendant's demurrer to the indictment and concluded with the declaration: "The demurrer is sustained. The indictment is dismissed. The defendant is ordered discharged." We take the decision of the court to be an "order" or "judgment sustaining a demurrer to any indictment" within the meaning of those terms as employed in Revised Laws of Hawaii 1945, section 9552. The assignment of errors challenges rulings of the lower court sustaining the general and special grounds of demurrer.

In our opinion it is not necessary to the presentation and reservation in the lower court of the grounds for review upon a writ of error taken by and on behalf of the Territory to this court in a criminal case from an order sustaining a demurrer to an indictment for the Territory to allege an exception to the order of court sustaining the demurrer either on general or special grounds of demurrer or both. To avail oneself in a term case of a writ of error it is not necessary in the absence of statutory requirements therefor that the error complained of be made the subject of an exception noted at the time it was committed.[2] The prohibitions of section 9564 against reversals by this court upon writ of error where the error alleged was not made the subject of exceptions noted at the time it was committed has no application to a writ of error

form merely in any declaration, indictment or information or for any matter held for the benefit of the plaintiff in error or for any finding depending on the credibility of witnesses or the weight of the evidence or for any alleged error in the admission or rejection of evidence or the giving of or refusing to give an instruction to the jury unless such alleged error was made the subject of an exception noted at the time it was committed."

[2] Cummins v. Iaukea, 10 Haw. 1; Lo Toon v. Territory of Hawaii, 16 Haw. 351; Territory v. Cotton Bros. 17 Haw. 374; Kaehu v. Namealoha, 20 Haw. 516.

taken by and on behalf of the Territory from the circuit court to this court under the provisions of Revised Laws of Hawaii 1945, section 9552. And even if they were, an order sustaining a demurrer to an indictment upon general or special grounds, or both, is not included in the instances enumerated in section 9564, where an exception is required to be noted at the time the alleged error was committed. While a criminal case is a term case within the meaning of that phrase as employed in section 9564, the provisions of the prohibitions would have no application to a criminal case except where the defendant was the plaintiff in error. Moreover, assuming but not deciding that the necessity of an exception noted at the time that the alleged error was committed applied to all the instances in which reversals are prohibited in term cases an order sustaining a demurrer to an indictment is not included.

Motion to dismiss denied.

*Enos Vincent* for the motion.