# TERRITORY OF HAWAII *v.* EDWIN B. CHILLING-WORTH.

## No. 2687.

ARGUED JUNE 16, 1948.                    DECIDED JUNE 28, 1948.

KEMP, C. J., PETERS AND LE BARON, JJ.

*Per Curiam.* This is a criminal case in which the execution of the sentence imposed was suspended in part and the defendant placed on probation pursuant to the provisions of Revised Laws of Hawaii 1945, section 10843. While the defendant was on probation, the court having jurisdiction of the case under the power and authority reposed in it by Revised Laws of Hawaii 1945, section 10846, terminated the period of probation and proceeded to cause the sentence theretofore imposed to be executed. The defendant prosecuted error. The errors assigned are directed exclusively to a review of the order terminating probation.

The Territory moved to dismiss the writ of error upon the ground that it is only issuable out of the supreme court upon the application of a party deeming himself aggrieved by a judgment of the circuit court in a criminal case to review the final judgment of sentence and that the order terminating the period of probation was an order made after the entry of the judgment of sentence and was not

156

reviewable by writ of error. In our opinion, the motion is well-taken.

In criminal cases a writ of error lies only to final judgment.[1] The provisions of the statute in respect to writs of error in criminal cases, quoted below,[2] limits review upon writ of error to final judgment of sentence. Under its plain terms, orders after sentence are not reviewable. The provisions of law applicable to suspension of sentence and probation[3] make no provision for appeals from orders terminating probation. Whether the same are reviewable by any other method of appeal is not before us for decision. They are not subject to review by writ of error.[4] Under the circumstances, this court is without jurisdiction of the subject matter and the writ must be dismissed. It is so ordered.

*T. Okino,* County Attorney, County of Hawaii, and Acting Deputy Attorney General, for the motion.

*R. F. Matsumura,* contra.

---

[1] Perry, Common-law Pl. p. 222; 1 Bishop's New Crim. Proc. § 1366, n. 7 and cases cited: § 1367, n. 1 and cases cited; see also In re Apuna, 6 Haw. 732; In re Titcomb, 9 Haw. 131; In re Hoopai, 10 Haw. 610; Ex parte Fugihara Oriemon, 13 Haw. 102; In re Gamaya, 25 Haw. 414.

[2] "Sec. 9551. Had when. A writ of error, returnable to the supreme court, may be issued by the clerk, or any deputy clerk or assistant clerk of the supreme court, upon the application of any party deeming himself aggrieved by the judgment of a circuit court, the land court, or a district magistrate, or by the order or decree of a circuit judge at chambers, at any time before execution thereon is fully satisfied, within ninety days from the entry of which judgment, order or decree and the sentence of the court in a criminal case shall be the judgment."

[3] R. L. H. 1945, §§ 10843-10846.

[4] Renado v. Lummus, 205 Mass. 155, 91 N. E. 144.