TERRITORY OF HAWAII *v.* HELEN MARTELES.

No. 2704.

SUBMITTED DECEMBER 20, 1948.          DECIDED MARCH 5, 1949.

KEMP, C. J., PETERS AND LE BARON, JJ.

*Per Curiam.* From the record in the above case it appears that on December 18, 1946, the defendant, on her plea of guilty to a charge of prostitution, was sentenced to serve thirty days in jail by a district magistrate of Honolulu. The defendant appealed to the circuit court for mitigation of sentence. On April 14, 1947, the circuit court, after a hearing, sentenced the defendant to serve one year in jail and to pay a fine of $100, costs remitted; execution

of the jail sentence was suspended and the defendant placed on probation for a period of five years on condition, among other things, that she pay the fine of $100 and not engage in prostitution during the period of her probation.

She paid the fine and thereafter on November 17, 1947, the probation supervisor filed a motion for revocation of probation on the ground that she had violated the terms and conditions of her probation by engaging in prostitution. The motion was heard on December 2, 1947. At the conclusion of the hearing the court rendered the following oral decision and order:

"The motion of the prosecution is sustained, and the probation will be set aside.

"Now, it appears that this woman was placed on probation on April 15, 1947. That is about six months gone by. The court was in hopes, when he placed this woman on probation and sentenced her to a year in the County Jail that would act as a deterrent. That was the reason for the maximum sentence at the time. At this time the sentence of one year in the County Jail will be set aside, mittimus not having issued, and the court still having jurisdiction of the judgment, it is the judgment and sentence of the court that she be confined in the County Jail for a period of four (4) months, mittimus forthwith."

The defendant brings the case here by writ of error seeking review of the order revoking the probation and ordering mittimus to issue. Three alleged errors were assigned but in the opening brief only one error is specified, to wit:

"The Circuit Court erred in increasing the sentence of 30 days imposed on defendant by the District Court."

This assignment, though indefinite, will be considered as referring to the judgment and sentence of December 2, 1947.

The public prosecutor, relying upon *Territory* v. *Chillingworth,* page 155, *ante,* moves to dismiss the writ of error on the ground "that the aforesaid Writ was not duly taken and perfected to vest jurisdiction in this court over the subject matter."

In the *Chillingworth* case we held that the provisions of section 9551, Revised Laws of Hawaii 1945, limit review upon writs of error to final judgment of sentence; that orders after sentence are not reviewable on writ of error and that an order revoking probation being such an order is not subject to review by writ of error.

The jail sentence, execution of which was suspended, was the one of April 14, 1947, when the defendant was sentenced to one year in jail, execution suspended and the defendant placed on probation. The time within which the defendant could seek review of that sentence by any method of appeal had expired long before the entry of the order revoking her probation. That she was apparently satisfied with the sentence of April 14, 1947, so long as she was left on probation, is indicated by the fact that she paid the fine imposed by that sentence instead of appealing therefrom. Her specification of error challenges the validity of the order revoking her probation and the purported reduction of the jail sentence from one year to four months.

The decision and order of the circuit judge of December 2, 1947, purporting to set aside the sentence of one year in the county jail and enter a new sentence of four months in the county jail was essentially an order revoking the probation and modifying the judgment of sentence of April 14, 1947, by reducing the jail sentence. The fine having already been paid, no attempt was made to disturb that part of the sentence.

The facts bring the case within the law as announced in the *Chillingworth* case *supra.* The motion to dismiss

the writ of error should be sustained, and it is so ordered.

*J. R. Desha,* Assistant Public Prosecutor, for the motion.

*M. L. Heen* and *B. Houston,* contra.