ADELAIDE CRAGEN *v.* CARL CRAWFORD,
HENRY HALM AND PETE DOE.

No. 2769.

ARGUED APRIL 25, 1950.          DECIDED MAY 4, 1950.

KEMP, C. J., LE BARON AND TOWSE, JJ.

OPINION OF THE COURT BY TOWSE, J.

By judgment entered in the circuit court on February 18, 1949 after trial, jury waived, plaintiff recovered of defendants the sum of $3,215. On February 23, 1949 defendant Halm filed a supersedeas bond conditioned upon prosecuting a contemplated motion for new trial without delay and to perform any judgment which may be rendered and affirmed against him by the circuit court and the supreme court upon "any appeal, writ of error or exception pursuant to Section 10132 of Revised Laws of Hawaii 1945." Order approving the bond and staying execution

pursuant to the judgment entered was filed simultaneously therewith. Motion for a new trial was thereupon filed on February 28, 1949. On March 31, 1949, hearing upon the motion for a new trial was had, and on April 11, 1949 an order denying the motion for a new trial was entered. On April 19, 1949, defendant Halm filed notice of intention to sue out writ of error from the judgment and the order denying his motion for a new trial. On June 8, 1949, defendant Halm filed an exception to the order denying his motion for a new trial which exception was duly allowed; and on June 28, 1949 filed notice of application for writ of error, application for writ of error, assignments of error and bond in this court. Pursuant thereto, writ of error issued on that date, one hundred and thirty days after entry of judgment on February 18, 1949. The writ of error issued more than ninety days after entry of judgment, but within ninety days of the entry of the order denying the motion for a new trial.

In the foregoing state of the record the plaintiff below filed a motion to dismiss the writ of error upon two grounds. Ground one alleges that the ninety-day period allowed for the taking of an appeal by way of writ of error expired on May 19, 1949, and that as of May 20, 1949 no appeal had been duly perfected and that the said ninety-day period running from the date of entry of judgment on February 18, 1949 had elapsed thereby rendering any and all further proceedings beyond the jurisdiction and review of this court. The second ground was abandoned.

Two issues are presented. First: Whether the writ of error was sued out within ninety days from the entry of judgment on February 18, 1949 under the provisions of section 9551 of Revised Laws of Hawaii 1945; and second: preliminarily and determinative of that issue

whether or not the order denying the motion for a new trial entered on April 11, 1949 is, in the circumstances, a "judgment" within the provisions of section 10132 of Revised Laws of Hawaii 1945 and reviewable. Cojointly stated, whether or not in the state of the record the computation of the ninety-day period for appeal by way of writ of error shall be computed as of February 18, 1949, the date of entry of the judgment, or as of April 11, 1949, the date of entry of the order denying the motion for a new trial.

Section 10132 of Revised Laws of Hawaii 1945 is clear and unambiguous in its recital that the filing of a motion for a new trial within ten days after verdict or decision "shall operate as a stay of the entry of judgment until the motion is decided * * *." Equally clear and unambiguous is the proviso: "that if judgment shall have been entered and execution shall have issued thereon prior to the filing of such motion, such execution may be stayed in the hands of the officer executing the same by the filing by the judgment debtor of a bond * * *." Judgment was entered in the circuit court on February 18, 1949, motion for a new trial filed on February 28, 1949, and order denying the motion for a new trial entered on April 11, 1949.

A stay of execution does not include a stay of judgment. The two are not concomitant. Judgment was not stayed or suspended by the filing of the motion for a new trial on February 28, 1949. This has long been the settled rule in this jurisdiction as announced in *Tibbets* v. *Pali*, 15 Haw. 137, which interpreted the predecessor section to section 9551 of Revised Laws of Hawaii 1945 (§ 1443 Civil Laws) which authorized the writ to issue " 'at any time before execution thereon is fully satisfied, within six months from the rendition of judgment' "; the only amendatory portion thereof as it pertains to the instant facts

being that portion of section 9551 of Revised Laws of Hawaii 1945 reciting: "* * * within ninety days from the *entry of* which *judgment* * * *." (Emphasis added.) "The phrase 'rendition of judgment' used in the statute can only refer to the judgment by which the plaintiff claims to be aggrieved, namely, the judgment of the court to which the writ is directed, in this instance the judgment of the Circuit Court * * *." *Tibbets* v. *Pali, supra.* The *Tibbets* case confirmed the earlier ruling of this court in *Cummings* v. *Iaukea,* 10 Haw. 1, wherein the precise issue was originally determined.

Numerous decisions of this court have interpreted the provisions of section 9551 of Revised Laws of Hawaii 1945: "A writ of error, returnable to the supreme court, may be issued by the clerk * * * upon the application of any party deeming himself aggrieved by the judgment of a circuit court * * * at any time before execution thereon is fully satisfied, within ninety days from the entry of which judgment * * *." In an appeal by way of writ of error the *final* judgment alone is before this court for review. "The statute in regard to exceptions is broader than that in regard to error. Exceptions and error are inherently proceedings of different character. On exceptions, various specific rulings, whether interlocutory or final, whether brought up immediately or only after final judgment, are made direct and independent subjects for review; only so much of the record is brought up as is necessary for passing upon the specific exceptions; the decision usually is that the exceptions be sustained or overruled and that such further proceedings be had as the rulings on the exceptions call for. On error the final judgment alone is brought up, and specific rulings, whether excepted to or not, are considered only incidentally in passing upon the correctness of the final judgment; the entire record is brought up,

and the judgment of the appellate court is such as the facts and law warrant as shown by the entire case." *Territory* v. *Cotton Bros.,* 17 Haw. 374. "An appeal to this court by a writ of error runs from the final decree. Specific rulings are considered only incidental in passing upon the correctness of final judgment." *Land Title, Pawaa,* 35 Haw. 254.

This court in two recent decisions has declared that section 9551 of Revised Laws of Hawaii 1945 in respect to writs of error in criminal cases limits review to the final judgment. A writ of error does not lie to review orders made after the entry of judgment. "Under its plain terms, orders *after* sentence are not reviewable * * * . They are not subject to review by writ of error." *Territory* v. *Chillingworth,* 38 Haw. 155. (Emphasis added.) See *Territory* v. *Marteles,* 38 Haw. 305.

Accordingly writ of error could only have issued within the terms of the statute on or before May 19, 1949, and having issued on the 28th day of June, 1949 is a nullity.

Upon the record presented for review by writ of error this court is without jurisdiction of the subject matter. The motion to dismiss the writ of error should be sustained, and it is so ordered.

*R. A. Hogan* for the motion.

*A. K. Trask* contra.