TERRITORY OF HAWAII *v.* CARLOS ELMO FISHER.

No. 2632.

ARGUED MAY 5, 1950.            DECIDED MAY 10, 1950.

KEMP, C. J., LE BARON AND TOWSE, JJ.    .

OPINION OF THE COURT BY KEMP, C. J.

The defendant was charged in the district court of Honolulu with procuring for the purpose of prostitution the services of a girl, in which he would benefit, thereby violating the provisions of section 11674 of the Revised Laws of Hawaii 1945.

Section 11674 provides, *inter alia,* that any person who "shall lead, conduct or drive any person" to any place where a prostitute resides or carries on her business shall be guilty of a misdemeanor, and on conviction thereof shall be fined not more than five hundred dollars, or be imprisoned not over one year, and, *if such person be a licensed driver, his license shall be forfeited, and he shall not thereafter be licensed to drive for two years.*

The defendant pled guilty to the charge on May 7, 1946 and was thereupon adjudged guilty and forthwith sentenced to one year in jail and his driver's license revoked for two years. On May 10, 1946 he perfected an appeal to the circuit court for mitigation of sentence. On

May 16, 1946 he voluntarily withdrew his appeal and on May 17, 1946 he moved that the judgment and sentence be vacated and the cause be reopened "without change of plea" and that he be permitted to present "arguments to show why said sentence is illegal and contrary to law" and further to present "testimony and evidence to show why the said sentence is excessive and unwarranted by the facts and circumstances pertaining to said cause."

The magistrate heard the motion and at the conclusion of the hearing on May 17, 1946 the motion was denied.

On August 14, 1946 this writ of error issued on the defendant's application in which he erroneously recited that he was sentenced May 17, 1946. In his application he incorporated the following assignment of errors:

"1. The said District Magistrate erred in imposing said sentence, the same being illegal and contrary to law in that the said Section 11674 of the Revised Laws of Hawaii providing for the forfeiture of the automobile driver's license has been repealed, is inapplicable and invalid.

"2. The said District Magistrate erred in imposing said sentence, the same being excessive and unwarranted by the facts and circumstances pertaining to said cause."

On February 25, 1947 the defendant filed an amended assignment of errors which merely added one additional paragraph which read as follows:

"3. The said District Magistrate erred in denying the said Motion to Vacate Judgment and Sentence and in affirming the said judgment and sentence previously imposed."

The defendant in error now questions the timeliness of the issuance of the writ of error. The statute, Revised Laws of Hawaii 1945, section 9551, provides that, "A writ of error, returnable to the supreme court, may be

issued * * * upon the application of any party deeming himself aggrieved by the judgment of a * * * district magistrate * * * at any time before execution thereon is fully satisfied, within ninety days from the entry of which [*sic*] judgment, order or decree and *the sentence of the court in a criminal case shall be the judgment.*" (Emphasis added.)

The writ of error in this case issued more than ninety days after sentence but within ninety days from the overruling of the motion to vacate the judgment and sentence. The defendant in his application for the writ of error asserted that he was sentenced on the 17th day of May 1946. However, in the jurisdictional statement in his opening brief he states that "Judgment against the defendant in the Lower Court was entered May 7, 1946." The minutes of the district court also show that the defendant was arraigned, charged, pled guilty and was sentenced on May 7, 1946. He attempts to avoid the effect of the late issuance of the writ of error by asserting that the appeal to the circuit court abrogated the judgment as a matter of law or deprived it of its character as a final and appealable judgment and that said judgment was reinstated on May 16, 1946 by the withdrawal of the appeal to the circuit court. One of the two alleged errors which was incorporated in the defendant's application for the writ of error attacks the validity of that portion of the sentence which revoked defendant's driver's license and the other asserts that the sentence is excessive and unwarranted by the facts and circumstances.

It was only by the amended assignment of errors that the order of the magistrate denying his motion to vacate the judgment and sentence was assigned as error.

The defendant relies upon *The King* v. *Yok Lan,* 7 Haw. 584, and *Prov. Gov't* v. *Mura,* 9 Haw. 428, in support

of his claim that time within which the writ could lawfully issue began to run from the denial of his motion to vacate the judgment and not from the entry of the judgment.

We fail to see the application of either of these cases to this case. Each of said cases was here on exceptions instead of error.

"The statute in regard to exceptions is broader than that in regard to error. Exceptions and error are inherently proceedings of different character. On exceptions, various specific rulings, whether interlocutory or final, whether brought up immediately or only after final judgment, are made direct and independent subjects for review; only so much of the record is brought up as is necessary for passing upon the specific exceptions * * *. On error the final judgment alone is brought up, and specific rulings, whether excepted to or not, are considered only incidentally in passing upon the correctness of the final judgment * * *." *Territory* v. *Cotton Bros.,* 17 Haw. 374 at p. 379.

In criminal cases a writ of error lies only to final judgment. It does not lie to review orders made after the entry of judgment. (*Territory* v. *Chillingworth,* 38 Haw. 155, and authorities cited; *Territory* v. *Marteles,* 38 Haw. 305.) The third error assigned in the amendment, relating as it does to an order made after the entry of judgment, does not bring to this court a question which can be reviewed on writ of error. The last day on which the writ of error could legally issue to review the alleged errors committed in sentencing the defendant was August 5, 1946.

The argument of the defendant that the appeal to the circuit court for mitigation abrogated the judgment as a matter of law or deprived it of its character as a final

and appealable judgment until it was reinstated by the withdrawal of said appeal is without merit.

This court has held that exceptions taken to a judgment of a circuit court to this court do not suspend such judgment so far as to prevent the running of the time within which a writ of error may be issued. (*Tibbets* v. *Pali*, 15 Haw. 137.) We have also held that a motion for new trial, filed after entry of judgment, does not prevent the running of the time within which a writ of error to review said judgment may be issued. (*Cragen* v. *Halm*, 38 Haw. 522, decided May 4, 1950.) By analogy the same effect should follow an appeal to the circuit court for mitigation of sentence.

Neither *The Queen* v. *Fernandez*, 8 Haw. 273, nor *Territory* v. *Kunimoto*, 37 Haw. 591, also cited by the defendant, is applicable to the facts herein. Nor do they or either of them militate against our conclusion in this case.

Accordingly, we conclude that the motion to dismiss the writ should be granted and it is so ordered.

*A. R. Hawkins*, Assistant Public Prosecutor, for the motion.