THE PEOPLE *ex relatione* Joseph A. Philmot, Plaintiffs in Error, *v.* ANTHONY C. HESSING, Defendant in Error.

### ERROR TO COOK.

A prisoner is not entitled to a discharge, because a term of the court has passed, and an indictment was not found against him; unless the record shows that the grand jury heard evidence against him.

It will not be presumed that a grand jury acted upon a particular case.

Upon error brought from the decision of the Circuit Court upon an *habeas corpus*, all the evidence heard in the court below should be incorporated in the record, or this court will not review the decision; the presumptions are all in favor of the ruling of the Circuit Court.

THIS was a petition filed 14th of April, 1862, in the Circuit Court of Cook county, which sets forth that the petitioner is illegally and wrongfully deprived of his liberty by Anthony C. Hessing, who keeps him in his custody, confined in the common jail of Cook county, upon a pretended charge of burglary.

Prays for writ of *habeas corpus*, and to be released and discharged from said confinement.

Writ was issued commanding Hessing, who was the sheriff, to make full return forthwith.

Return of the writ in these words:

" The undersigned sheriff of Cook county, respectfully represents that he holds the within named Joseph A. Philmot under and by virtue of a certain mittimus, issued by Lewis H. Davis, a justice of the peace, a copy of which writ is hereto annexed.

ANTHONY C. HESSING, *Sheriff.*
By A. BRUNING, *Deputy.*

Copy of mittimus annexed to return.

Replication of petitioner to return of writ in these words:

*In Circuit Court before Judge Manierre—*

And as to said return made to said writ, issued at the request of your petitioner, for answer thereto saith, That since the commitment of your petitioner, upon the supposed charge of burglary, to wit, in the month of March last, a regular term of the Recorder's Court, to which your petitioner was bound to appear, has been held according to law. A grand jury convened, was sworn and discharged, after finding indictments against a large number of persons; and further, your petitioner saith, that witnesses were sworn and examined on behalf of the People, upon said charge against your said petitioner, and upon examination of said witnesses, after hearing their evidence, said grand jury threw out said charge against your petitioner, and did not find or return any bill or presentment against your petitioner whatever.

Wherefore your petitioner insists that he is entitled to be discharged from imprisonment according to law.

JOSEPH A. PHILMOT.

At the April term of said court, the court ordered and adjudged that the mittimus upon which the said respondent detains the body of the said relator, is sufficient authority for the detention of the relator by the respondent, and that the said relator be remanded into the custody of the said respondent until discharged by due process of law.

The error assigned is, the remanding the petitioner, and refusing to discharge him from arrest and imprisonment.

ARTHUR W. WINDETT, and SAMUEL M. FELKER, for Petitioner.

D. P. JONES, State's Attorney, for the Defendant in Error.

WALKER, J. It is urged, that by the failure of the grand jury to find an indictment against the relator, he became entitled to a discharge from custody. The record fails to show that the grand jury heard evidence, or acted, upon the accusation against him. The allegation that such action was had by that body was not proved. The law will not presume

that the evidence was heard, and that they ignored a bill. Although it may be a legal presumption, that a court was held at the time fixed by law, and a grand jury was regularly empanneled, still it will not be presumed that they acted upon a particular case. Again, this record discloses the fact, that evidence was heard upon the trial on a writ of *habeas corpus*, and for aught that appears, it may there have been clearly shown, that the grand jury heard no evidence against the accused, or it may have been proved that he was guilty of the offense charged or some other crime, requiring his committal. Unless all the evidence heard by the Circuit Court were incorporated in the record, this court cannot determine that there was error in refusing to discharge the prisoner, but the presumption would be that the decision was proper. We can see that the court below, for various obvious reasons, should not have discharged the relator, and we must presume, until the contrary is shown, that the judgment of the court below is proper. It is therefore affirmed.

*Judgment affirmed.*