### *Ex parte* JOHN R. THOMPSON.

1. WRIT OF ERROR—*does not lie on refusal to discharge on habeas corpus.* A writ of error does not lie from an order of the circuit court refusing to discharge a party imprisoned, on a writ of *habeas corpus.*

2. SAME—*former decisions.* To the extent that the case of *The People* v. *Hessing*, 28 Ill. 410, can be considered as holding a different rule, it was, in effect, overruled by the case of *Hammond* v. *The People*, 32 Ill. 446.

3. SAME—*when it will lie.* A writ of error is a common law right, but it does not lie until there is a final judgment. It does not lie to reverse an interlocutory judgment, decree or order. Before it will lie there must be such a judgment or decision as settles the rights of the parties in the subject matter of the suit, and which concludes them until it is reversed or set aside.

4. HABEAS CORPUS—*errors in judgment under which a party is imprisoned not open to examination.* On *habeas corpus*, to discharge a party from imprisonment under the judgment of a police magistrate, for the violation of an ordinance, the court can not go behind the judgment to determine whether it is correct or not. That can only be done on appeal or error.

WRIT OF ERROR to the Circuit Court of Lee county; the Hon. JOHN V. EUSTACE, Judge, presiding.

Mr. WILLIAM BARGE, Mr. M. D. SWIFT, and Mr. J. C. SEYSTER, for the plaintiff in error.

Mr. JAS. K. EDSALL, Attorney General, and Mr. J. D. CAMPBELL, for the People.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

The city of Polo is incorporated and acting under the general law for the incorporation of cities in this State. The city had adopted an ordinance prohibiting the sale of liquor

therein, and imposing a fine of not less than $20 nor more than $100 for every violation of its provisions.

A prosecution was instituted against plaintiff in error before the police magistrate for a violation of the ordinance, and judgment was rendered against him, and in favor of the city, for $200 fine, and $10 costs of suit, and that he be committed to the city calaboose until the fine and costs should be paid, unless sooner discharged by due course of law. An execution was issued, and returned unsatisfied. The judgment being unpaid, a *mittimus* was issued by the magistrate, under which the city marshal arrested him and delivered him to the keeper of the calaboose, who committed plaintiff in error and confined him therein.

Plaintiff in error applied for a writ of *habeas corpus*, which was granted, and a hearing had thereon by the circuit court of Lee county, at the October term, 1878, and the court refused to discharge him, but remanded him to the keeper of the calaboose. Plaintiff in error has sued out a writ of error and brings the record to this court and asks a reversal.

The question arises whether a writ of error lies to review a judgment on a writ of *habeas corpus*.

Section 68 of the Practice act provides that appeals from all circuit courts, and from the Superior Court of Cook county, may be taken to the Supreme Court from all final judgments, decrees and orders. It will be observed that an appeal is given by statute, but a writ of error is a common law right. It does not lie until there is a final judgment. Consequently it will not lie to reverse an interlocutory judgment, decree or order. *Hedges* v. *Madison Co.* 1 Gilm. 306. There must be such a judgment or decision as settles the rights of the parties in the subject matter of the suit, and which concludes them until it is reversed or set aside. *Hayes* v. *Caldwell*, 5 Gilm. 33. Hence, neither an appeal nor writ of error lies to reverse a judgment, decree or order unless it is final and conclusive on the parties.

Then, is a judgment on the hearing of a writ of *habeas*

*corpus,* rendered by a judge in vacation or by the circuit court when in session, of that conclusive character? In the case of *Hammond* v. *The People,* 32 Ill. 446, it was held that it was not, and that error would not lie to reverse it.

In a case like the present, petitioner had the power to appeal from the judgment of the police magistrate to the circuit court and thence to the Appellate Court and have it reversed. But on *habeas corpus* we are unable to determine whether there is error or not in the judgment. That can only be done on appeal or error. We could not go behind the judgment of the police magistrate to determine whether it is correct. That can only be done on error. Hence we could not review the case on appeal or error from the decision of the circuit court on *habeas corpus.* If the judgment was void that question could be tried by *habeas corpus* or on error.

In some of the States the courts hold that the writ lies, but in a majority it is held such a judgment can not be so reviewed. In several the writ is given by statute, and so by an act of Congress requiring the Supreme Court of the United States to review the decisions of the inferior Federal tribunals rendering such judgments. But the courts of last resort in a larger number of the States of the Union hold that a writ of error does not lie to such a judgment, and we think these decisions entitled to the greater weight, as they seem to follow the well recognized rule that such a writ only lies to a final determination by the lower court In Great Britain there is no decision to be found that the writ lies to an inferior court, unless it be *Paty's case,* 2 Salk. 503, also reported in 2 L. Raym. 1105, where the reporter says, then a question was started and referred to the judges, whether the Queen ought to allow a writ of error, in that or any other case, *ex debito justitiæ* or *ex mera gratia.* Ten of the judges held the Queen could not deny the writ of error, but it was grantable *ex debito justitiæ* except in treason or felony, etc. Then it was a doubt whether any writ of error lay upon a judgment given on a *habeas corpus.* The court refused to discharge

the prisoner. Subsequently he applied for a writ of error to remove the case to the House of Lords. The question was referred to all of the judges, and they returned this answer: "In obedience to your majesty's command, we have considered of the petition hereto annexed; and we are humbly of opinion that a writ of error in this case ought to be granted of right and not of grace. But we give no opinion whether the writ of error does lie in this case, because it is proper to be determined in Parliament, where the writ of error and record are returned and certified." See *Burdett* v. *Abbot,* 14 East, 92, in note. But before the writ was issued the Parliament was prorogued and the case fell through.

Notwithstanding this resolution, we fail to find that a writ of error was ever afterwards issued to review such a judgment. This resolution, adopted in a time of high political excitement, and in a case of disagreement between the two political parties in Parliament, could not have been regarded as authority or it would have been subsequently followed. When it is remembered that this resolution was had a century and three-quarters since, and that there have been many fierce struggles to maintain individual liberty in that country, we must conclude, as it was never followed as a precedent, that the bench and bar of that country have not regarded it as law.

The case of *The People* v. *Hessing,* 28 Ill. 410, was considered and decided, but there, as in this case, no objection was raised to the jurisdiction of the court to decide the case, and the court inadvertently overlooked the question; but in the case of *Hammond* v. *The People, supra,* where the objection was raised, it was allowed, and the former case, although not in terms, was in effect overruled.

We must, in this case, hold that the writ of error does not lie, and it must be dismissed.

*Writ dismissed.*