# Edward Napier

## v.

## The People ex rel. etc.

APPEAL WILL NOT LIE FROM ORDER IN HABEAS CORPUS.—A writ of error or appeal will not lie to review an order of a circuit court upon a writ of *habeas corpus*.

APPEAL from the Superior Court of Cook county, the Hon. George Gardner, Judge, presiding. Opinion filed January 4, 1882.

This appeal brings to this court for review certain proceedings in the Superior Court of Cook county, upon a writ of *habeas corpus*. The relator, Jennie Napier, alleges in her petition that she intermarried with Edward Napier, the defendant, on the 14th day of August, 1875; that as the issue of said marriage a son, Grosvenor Napier, was born to the parties, November 19, 1876; that sometime in 1880, the defendant deserted the relator, and had since lived in a state of adultery with a woman of ill-repute; that he had taken said child from the relator and refused to restore him to her custody, and that he was an unfit person to have the care, custody and education of said child.

During the pendency of the proceedings, a compromise was effected, which resulted in a written stipulation, by which the relator consented and agreed that the legal right to the custody and control of the child should be vested in the defendant, subject to the right of the relator to visit and see said child at all reasonable times, as she might see fit. An order was entered in accordance with this stipulation; and afterwards, the relator appeared, and, upon evidence tending to show that said written stipulation was not in accordance with the actual agreement and understanding of the parties, moved to have said order modified, and upon the hearing of said motion, the order was modified so as to provide that the relator might receive and retain the custody of the child two days

in each and every week. From the order so modified, the defendant has appealed to this court.

Mr. FRANK H. COLLIER, for appellant; that the powers of a judge or court of law are the same as those of a chancellor or court of equity, under a writ of *habeas corpus*, cited Hurd on Habeas Corpus, 456; Crowley's Case, 3 Swans. 69; Lyons v. Blenkin, Jac. 245; Matter of Wollstomcraft, 4 Johns. Ch. 80; People v. Mercellen, 8 Paige, 47; Butler v. Freeman, Amb. 302; Wellesly v. Duke of Beaufort, 2 Russell's Ch. 1; *In re* Kortman, 2 Hill (S. C.), 363.

The original decree could not be amended or set aside at a subsequent term; Coke's Litt. 260; Rev. Stat. 1874, 780; Cook v. Wood, 24 Ill. 295; McKindley v. Buck, 43 Ill. 488; Fix v. Quinn, 75 Ill. 232; Coursen v. Hixon, 78 Ill. 339.

BAILEY, J. In Hammond v. The People, 32 Ill. 446, it was held, that a writ of error would not lie to review an order of a circuit court upon a writ of *habeas corpus*, such order not being final, but only interlocutory in its nature. The same principle was again affirmed in *ex parte*, Thompson, 93 Ill. 89. Under these decisions we must hold that no appeal lies in this case.

Appeal dismissed.