THE PEOPLE, ETC.,

v.

MOLLIE SKINNER ET AL.

A writ of error will not lie to review the finding of the court below upon a writ of *habeas corpus.* (Case to determine custody of ward.)

ERROR to the Circuit Court of McLean county; the Hon. O. T. REEVES, Judge, presiding. Opinion filed February 25, 1886.

Mr. W. E. GAPEN, for plaintiff in error.

Messrs. BLADES & NEVILLE, for defendants in error; cited Hammond v. People, 32 Ill. 446; Ex parte Thompson, 93 Ill. 89.

CONGER, J. This is a writ of error seeking to review the finding of the court below, upon a writ of *habeas corpus,* and the only question we shall notice is whether a writ of error lies in such a case.

The question is settled in this State, so far, at least, as appertains to a case where a person in charge of an officer of the law is applying for release, and it is held that it will not lie. Hammond v. The People, 32 Ill. 446; Ex parte Thompson, 93 Ill. 89.

Some courts, however, have made a distinction between such cases and those where parents and others have used the writ for the purpose of determining the custody of minor

The People v. Skinner.

children. In Mercien v. The People, 25 Wend. 99, it is held in such proceedings that the principles of public policy requiring the application of the doctrine of estoppel to judicial proceedings are as impartially demanded in the case of private individuals, contesting private rights under the form of proceedings in *habeas corpus*, as if the litigation were conducted in any other form; but the weight of authority seems to be against this doctrine.

This great constitutional writ runs in the name of the sovereign power, and is intended to obtain immediate relief from illegal confinement. To accomplish this end it must necessarily be vigorous and summary. If it be subjected to the delays incident to appeals and writs of error, it loses that life and energy so essential in determining all questions involving the liberty of the citizen. If the party in confinement can appeal, the same right must be extended to those having him in custody; hence, one unlawfully restrained of his liberty, instead of securing it speedily and without delay, is compelled to remain a prisoner and await the law's delay.

Again, under our practice the writ may be issued by a judge or master in vacation, and a hearing and decision had out of term time. In such case the judgment is not of a court, but of a judge, and it can not be contended that an appeal or writ of error would lie from the order of a judge in vacation, in the absence of a statutory provision.

The remedy, the judgment and its consequences are the same in either case, and to suppose the law intends the right of appeal to depend upon the mere accident of the final decision happening to be made by the judge when sitting as a court during term time, or by the same judge at chambers, would be absurd. State v. Malone et al., 3 Sneed, 413.

We are of opinion that a writ of error will not lie in this case, and therefore it will be dismissed.

Writ of error dismissed.