THE PEOPLE ex rel. William Nagel

*v.*

W. GEORGE HEIDER *et al.*

*Opinion filed February 21, 1907.*

1. CRIMINAL LAW—*effect of discharge for want of speedy trial.* A person committed for crime who has obtained his discharge from the court for failure of the People to bring the case to trial within the time prescribed by the statute enacted to carry into effect the constitutional guaranty of the right to a speedy trial, cannot be committed or held for the same offense under a second indictment.

2. HABEAS CORPUS—*habeas corpus does not lie for correction of errors.* If a court has jurisdiction of a criminal offense and of the person of the accused, the question whether errors or irregularities have occurred in the exercise of such jurisdiction can be determined only by writ of error and not by a writ of *habeas corpus.*

3. SAME—*when habeas corpus is the proper remedy.* Where a person committed for crime has obtained from the court where the indictment is pending an order for his discharge for want of a speedy trial but is held in the custody of the sheriff under a second indictment for the same offense, the writ of *habeas corpus* is the proper remedy to enforce the order of the court entitling him to his discharge.

ORIGINAL petition for *habeas corpus.*

ADAIR PLEASANTS, and H. E. WELD, for relator.

W. H. STEAD, Attorney General, and JOHN K. SCOTT, State's Attorney, for respondent.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On June 21, 1906, a writ of *habeas corpus* was issued out of this court upon the petition of William Nagel, against W. George Heider, sheriff of Rock Island county, and Bruce H. Stiers, sheriff of Henry county, to inquire into the cause of a detention of the relator alleged by him to be

illegal. The writ was served and returns were made by the defendants on September 22, 1906. On October 10, 1906, the counsel for the relator moved that the cause be set for hearing and oral argument on October 15, 1906, and that they have leave to file a typewritten brief, for the reason that the relator was unable to pay the cost of printing the brief and argument in his behalf, as required by the rules of the court. Upon the representations made by counsel both motions were allowed, the rule requiring briefs and arguments to be printed and to be filed at or before the oral argument was waived, and counsel for the relator were given leave to argue the case orally and thereafter to file a typewritten brief. The Attorney General filed his printed brief and argument on October 11 and the cause was argued orally on October 15 and submitted for decision. Upon consideration of the oral arguments of counsel for the respective parties and the printed brief and argument of the Attorney General we determined to discharge the relator from further imprisonment or detention by reason of the indictment for the crime of murder returned against him by the grand jury of Rock Island county on January 11, 1906, and announced our decision and entered judgment accordingly, but the judgment was not to affect or interfere with his detention by reason of other indictments against him. It was then stated that an opinion would be filed thereafter giving the reasons of the court for the decision.

The prayer of the relator for his discharge having been granted, his counsel did not file anything that could be termed a brief under the leave granted, but afterward, on November 10, 1906, filed with the clerk a single sheet of a few typewritten sentences, which did not meet or discuss the different points involved in the case or the authorities or arguments presented by the Attorney General. This, perhaps, is not cause for surprise but was the natural result of the indulgence given by the court. It demonstrates, however, both the necessity of rules for the orderly, proper and

intelligent transaction of the business ·of the court, as well as the propriety of adhering to the rules and denying the applications so frequently made for a waiver of the rules in particular cases which are exceptional in their nature, as this was. Having depended upon the filing of a brief containing the points and authorities presented on the oral argument on behalf of the relator, the mere recollection of such argument is now of little or no aid in stating our views.

The facts are as follows: On August 5, 1905, the relator, William Nagel, was taken into custody by the sheriff of Rock Island county by virtue of a *mittimus* issued by the coroner of said county committing the relator for the murder of Carl Brady. At the September term, 1905, of the circuit court of that county the relator was indicted for that crime. Not having been tried at a term commencing within four months after his commitment he applied to the court to be set at liberty, in pursuance of section 18 of division 13 of the Criminal Code. (Hurd's Stat. 1905, p. 746.) The court heard the application, and upon a consideration of the facts, the cause of the delay and the diligence exerted on the part of the People, decided that the relator was entitled to his discharge, and entered an order on January 10, 1906, that he be discharged from imprisonment and the custody of the sheriff and be set at liberty. He was not set at liberty, but a new indictment was procured against him for the same crime and was returned into court on the next day, and from that time he was restrained of his liberty and retained in imprisonment by virtue of the second indictment. Afterward, at the May term, 1906, indictments were returned against the relator for the crimes of robbery, burglary and larceny. On his motion a change of venue was taken to the circuit court of Henry county, and he was transferred to the custody of Bruce H. Stiers, sheriff of Henry county, who detained him by virtue of the second indictment for the same offense charged in the first one, as well as by virtue of the other indictments.

Section 9 of article 2 of the constitution guarantees to a citizen accused of a criminal offense a speedy public trial. To give effect to that provision of the bill of rights the legislature enacted section 18 of division 13 of the Criminal Code, which provides: "Any person committed for a criminal or supposed criminal offense, and not admitted to bail, and not tried at some term of the court having jurisdiction of the offense commencing within four months of the date of commitment, or if there is no term commencing within that time, then at or before the first term commencing after said four months, shall be set at liberty by the court, unless the delay shall happen on the application of the prisoner, or unless the court is satisfied that due exertion has been made to procure the evidence on the part of the People, and that there is reasonable grounds to believe that such evidence may be procured at the next term, in which case the court may continue the case to the next term." The relator not having been tried within the time limited by that statute, he was entitled to be set at liberty unless the court found that the circumstances existed which justified holding him in custody until the next term. When a person tried for a crime brings himself within the provisions of the statute he is entitled to be set at liberty, and cannot afterward be committed or held for the same offense when charged therewith by a second indictment. (*Brooks* v. *People,* 88 Ill. 327.) In that case it was considered that any other construction would open the way for a complete evasion of the statute, which, of course, is plainly apparent. The provision of the constitution can only be given its legitimate effect by holding that a person once discharged is entitled to immunity from further prosecution for the same offense, and that construction was again adopted in the case of *Newlin* v. *People,* 221 Ill. 166. It is true, as said by the Attorney General, that the effect of such a construction might be to bar a prosecution of one guilty of violation of the criminal law, but it does not follow that the constitution and statute should

not be obeyed. It might with equal propriety be argued that the Statute of Limitations as to prosecutions for criminal offenses should not be enforced for the same reason. The detention of the relator under the second indictment for the same offense for which he had been committed and indicted was illegal.

The remaining question is whether the writ of *habeas corpus* can be employed to secure discharge from imprisonment under circumstances like those existing in this case. The writ is not permitted to take the place of a writ of error for the purpose of reviewing errors of a court having jurisdiction over the person and subject matter. If a court has jurisdiction in a criminal case, the question whether errors or irregularities have occurred in the exercise of the jurisdiction can only be determined upon a writ of error. (*Ex parte Thompson,* 93 Ill. 89; *People ex rel.* v. *Foster,* 104 id. 156; *Ex parte Smith,* 117 id. 63; *People ex rel.* v. *Allen,* 160 id. 400; *People* v. *Murphy,* 202 id. 493; 21 Cyc. 285; 15 Am. & Eng. Ency. of Law,—2d ed.—155.) If one charged with a criminal offense should apply to the court having jurisdiction, for his discharge under the statute, it would be necessary for him to bring himself within its provisions and to ask for the judgment of the court on the question whether the requisite conditions existed entitling him to his discharge. If the court should err upon a consideration of the proof offered by him and the People, and deny his application, the decision could only be reviewed on writ of error. The question whether the court erred could not be determined on a writ of *habeas corpus.* There would be no difference, in principle, between such a proceeding for discharge and setting up the defense of former jeopardy or former conviction and acquittal of the same offense, which, under our statute, may be set up under the plea of not guilty. (*Hankins* v. *People,* 106 Ill. 628.) In this case the question is not whether the court committed an error in discharging the relator, but whether a subsequent detention under an-

other indictment was legal. The question of the right to a discharge was heard upon the petition of the relator, and the court found and adjudged that he was entitled to his discharge and ordered him set at liberty accordingly. Having had the judgment of the court on the question he did not ask that the judgment should be reviewed on *habeas corpus* to ascertain whether it was erroneous or not, but asked that it be made effective and obeyed. Furthermore, if one committed for an offense and discharged and set at liberty under the statute can be immediately re-indicted and retained in custody, the process might be continued indefinitely, so that he would never be able to have his rights determined except by the writ of *habeas corpus*.

These are the reasons for which the judgment of the court was entered and the relator discharged.

*Relator discharged.*