The People of the State of New York, Respondent, *v.* Robert J. Schell, Appellant.

County Court, Schenectady County, December 5, 1952.

690

*David B. Alford* for appellant.

*Emmet J. Lynch, District Attorney (D. Vincent Cerrito* of counsel), for respondent.

LIDDLE, J. By reason of the unusual circumstances upon this appeal attacking the constitutionality of the trial, conviction and sentence of the defendant of one year in the Schenectady County jail, this court is impelled to set forth the following facts from the alleged return on appeal.

The defendant, Robert J. Schell, was arrested without a warrant and before an information was filed. Upon his initial appearance before the Police Justice and without the advice of counsel, bail was fixed by the Police Justice at $1,000, in default of which he was remanded to the Schenectady County jail. Thereupon the Police Justice, on his own motion, adjourned the proceeding until January 23, 1952, at 9:00 A.M.

On January 23, 1952, at 9:00 A.M., the defendant was arraigned before the court, still without the advice of counsel. At this time the information was read to the defendant by the Police Justice, who advised the defendant that he was entitled to counsel at all stages of the proceeding and adjourned the matter until February 8th. On February 8, 1952, the Police Justice adjourned arraignment until February 29, 1952.

On February 29, 1952, the defendant appeared in person, together with his counsel, David B. Alford, and the court adjourned the matter until March 7, 1952.

On March 7, 1952, the defendant being present and without counsel, the Police Justice on his own motion adjourned the matter until March 14, 1952.

The alleged record further reveals that on March 11, 1952, and without counsel being present, the Police Justice ordered

the defendant to the Utica State Hospital, pursuant to section 870 of the Code of Criminal Procedure, for a mental examination. The director of the Utica State Hospital on or before March 14, 1952, reported to the Police Court that the defendant was found capable of understanding the nature of the charge against him, and the case was scheduled for May 2, 1952, by the Police Justice.

On May 2, 1952, in Police Court, there were present the assistant district attorney, D. Vincent Cerrito, and William H. Lynes, Esq., of counsel for the defendant, and again adjourned by the court until May 16, 1952.

It is thus to be noted that no good and sufficient reasons for these adjournments appear on the stenographic minutes as to why a speedy trial should not have been had during this lapse of time. The only inference that can be deducted is that counsel for the parties and the Police Justice failed to exercise due diligence in prosecuting the issues to trial. The constitutional rights of the defendant to a speedy trial in a court of limited criminal jurisdiction are essential and paramount, over and beyond court or counsel.

Thereafter and on May 16, 1952, all parties being present, the defendant, through his counsel, David D. Alford, demanded a trial by jury and requested the trial take place as soon as possible. Thereupon, the court announced that it tried " Jury trials on Saturday," and set the case down on its own motion for June 7, 1952, and announced that a jury would be selected on the 28th day of May, 1952. At this stage of the proceedings, counsel for the defendant objected to such a lengthy adjournment and took exception to the direction of the court that the trial should take place on June 7, 1952.

The alleged return from the stenographic minutes further shows that defendant made an application for a writ of habeas corpus, returnable before Honorable WILLARD L. BEST, Justice of the Supreme Court, at a regular term of the court in the County of Schenectady, to inquire into the cause of the defendant's imprisonment and confinement in the Schenectady County jail. Application for the writ was largely based upon the fact that the defendant was being deprived of his rights and liberties, in violation of the Sixth Amendment to the Constitution of the United States and of such other statutes as may be applicable. After a hearing duly had before Honorable WILLARD L. BEST, upon the writ, the court sustained the writ and discharged from the custody of the Sheriff of the County of Schenectady, the defendant.

The court in its memorandum, among other things, held that " In view of the Provisions of the Code of Criminal Procedure applying to Courts of Special Sessions and the Second Class Cities Law, it appears that the defendant is entitled to a jury trial and that adjournment may be taken for the purpose of summoning a jury and adjournment taken for trial but not for a period to exceed eight days unless it is consented to by the defendant."

On May 26, 1952, another information identical with the original information, except as to date, was filed and a warrant for the arrest of the defendant was issued by the Police Justice, a second time. The alleged record reveals that on May 27, 1952, in the Police Court of the City of Schenectady and before the Police Justice, there again appeared the defendant, together with his counsel, David B. Alford, while the People appeared by the assistant district attorney, D. Vincent Cerrito.

Thereupon, the Police Justice announced that a new information had been filed, and advised the defendant of his constitutional rights and of his right to enter a plea of guilty or not guilty. Thereupon, before entering a plea on behalf of the defendant, Mr. Alford, counsel for the defendant, moved for the dismissal of the information and the discharge of the defendant, for the reason or reasons that the Police Court of the City of Schenectady was without further jurisdiction to try the defendant on the same statement of facts as alleged in the new information and objected to a trial and asked that the defendant be discharged. This motion was denied by the court and counsel for the defendant took an exception.

The defendant entered a plea of not guilty and demanded a trial by jury. The court then fixed the date of trial June 4, 1952, at seven o'clock in the evening. A period of four months and fourteen days had now elapsed.

For aught that appears from the alleged record on this appeal, the defendant was tried before a jury and found guilty and was sentenced to the Schenectady County jail for one year.

From this conviction defendant appeals for the reason or reasons that the court was divested of jurisdiction to try the defendant on the second and newly filed information and that the constitutional rights of the defendant were prejudiced in that the defendant was not granted a speedy trial.

The Sixth Amendment of the United States Constitution provides that " In all criminal prosecutions the accused shall enjoy the right to a speedy and public trial ". Further, section 8 of the Code of Criminal Procedure provides, among other things,

that in all criminal actions, " defendant is entitled to a speedy and public trial."

Section 190 of the Second Class Cities Law, which applies to the City of Schenectady, together with other provisions, requires that if the defendant demands a trial by jury, the *Police Justice* " must *forthwith* openly draw such number ·of ballots as he deems necessary from a box, or other receptacle, containing the names of the persons who are returned as jurors of the city for a city or municipal court ". Section 190 further provides that the cause in which issue has been joined shall then be adjourned by the *Police Justice* " not more than eight days from the joining of issue, *unless the parties consent to a longer adjournment, which consent shall be entered in the minutes of the court.*" (Emphasis supplied.)

Nowhere does it appear on the minutes of the proceedings of such a consent to adjourn. It is argued that section 190 is obsolete and archaic and should not apply to the case at bar. This court is unable to concur with that conclusion. This section follows the intent and purpose of the Sixth Amendment to the Constitution and brings to local jurisdictions the right to a defendant charged with a crime, to a speedy and public trial and gives to the Sixth Amendment added force in courts of limited jurisdictions.

The record is further silent as to any reason or reasons for the adjournments and therefore this court is precluded from determining the reasonableness or unreasonableness of the adjournments or whether there could be interpreted a waiver of a speedy trial. The court has also examined comparable statutes in other jurisdictions and has found no decision invalidating or holding unconstitutional comparable language as set forth in section 190, above quoted.

The court, in *People ex rel. Nagel* v. *Heider* (225 Ill. 347) held that the court lost its jurisdiction to try the defendant and could not again acquire jurisdiction by a second indictment. To hold otherwise would make article Six of the Constitution and the statute of the State of Illinois a nullity. The court continued (p. 350) : " Any other interpretation would open the way for a complete invasion of the statute, which, of course, is plainly apparent. The provision of the constitution [for a speedy trial] can only be given its legitimate effect by holding that a person once discharged is entitled to immunity from further prosecution for the same offense ".

It is to be noted upon this appeal that the alleged return omits the minutes of the trial of this defendant.

The only certification is a certified copy of the record of conviction, together with other alleged records and minutes of adjournments of proceedings. It also contains a stipulation by counsel.

Nowhere does it appear that such stipulation was a part of the record and there seems to be no authority for such stipulation, as the minutes of the trial are the best record of the proceedings had thereon. Section 756 of the Code of Criminal Procedure requires that "The magistrate or court rendering the judgment, must make a return to all matters stated in the affidavit, and must cause the affidavit and return to be filed in the office of the county clerk within ten days after the service of the affidavit of appeal."

This is a mandatory requirement by the magistrate or the police justice. He must make or cause to be made the return himself, and he must, under his own signature, certify to the return and cause the same to be filed with the County Clerk. There is not even a substantial compliance with this section and this too, affects upon this appeal, the substantial rights of this defendant.

Judgment of conviction reversed, information dismissed and the defendant discharged. Submit order.