**Thomas T. COHEN, Appellant,**

v.

**UNITED STATES of America**
**Appellee.**

**No. 20426.**

United States Court of Appeals
Ninth Circuit.

Sept. 8, 1966.

**364**

Sheldon Green, Phoenix, Ariz., for appellant.

Wm. P. Copple, U. S. Atty., Jo Ann Dunne, Sp. Asst. U. S. Atty., Phoenix, Ariz., for appellee.

Before CHAMBERS, BARNES and BROWNING, Circuit Judges.

BARNES, Circuit Judge:

Appellant was indicted on February 27, 1963 in the United States District Court for the District of Arizona (No. C–16545) on twelve counts of mail fraud, and one count of using a fictitious name to defraud (18 U.S.C. §§ 1341, 1342).

On July 28, 1964, an order (erroneously stamped "Filed, July 28, 1965") was made in the said court in which the following findings were made:

"1. That the defendant was in the custody of the United States from June 13, 1962 until November 8, 1963.

"2. That the defendant was awaiting trial on indictments #3223–62, #267–62 and #8217 pending in the Federal District Court for the Southern District of Florida.

"3. That the defendant was unable to post bond in the above entitled indictments.

"4. Indictment #367–62 [sic] and Indictment #3223–62 were dismissed on February 25, 1963.

"5. Indictment #8217 which was returned on October 17, 1962 was dismissed upon motion of the Government on November 8, 1963.

"6. That the Indictment in the above styled cause presently before the Court was filed with the Clerk of this Court on February 27, 1963.

"7. That the records of this Court reflect that the bond direction was received from the Southern District of Florida on December 4, 1963 and that the file warrant was returned executed by the United States Marshal on December 11, 1963.

"8. That the defendant from the period beginning February 27, 1963 until the latter part of November, 1963, had no knowledge of the indictment in the above entitled cause, and was not informed of the nature of the charges against him and was not arraigned before a Court until December 30, 1963.

"9. That the defendant was in the custody of the United States for a period of at least nine months while this indictment was pending and was denied an opportunity to prepare his case and to have a right to a speedy trial.

"10. That the defendant has been deprived of his right to a speedy trial pursuant to the Sixth Amendment of the Constitution of the United States.

"THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that the indictment in the above entitled cause be and hereby is dismissed upon the ground of unreasonable delay in bringing the defendant to trial. [Fed.R.Crim.P. 48(b).]

"IT IS FURTHER ORDERED, that the bail heretofore posted in the above entitled cause be continued in effect until twelve o'clock noon on September 28, 1964, and may be transferred to

any subsequently returned indictment against the defendant in this District. [Fed.R.Crim.P. 12(b) (5).]

"IT IS FURTHER ORDERED, that in the event there is no transfer of bond prior to September 28, 1964, that on September 28, 1964 the Clerk of this Court enter an Order exonerating the bond heretofore posted in this case." (C.T. pp. 72–73.)

At that time the court stated:

"Now, you may draw the order, Mr. Green, if you wish. Recite that it appearing to the court—an order under Rule 48, of course—that this defendant was indicted on a certain date, and that he was not advised of the indictment, not informed of the indictment until —whatever the record shows—some nine months later, isn't it?

"MR. GREEN: Yes, sir.

"THE COURT: And that, therefore, there has been an unnecessary delay in bringing the defendant to trial on the indictment. Then order the indictment dismissed. Then further order that the bail be continued in effect pursuant to the rule that I have stated. * * *" (R.T. pp. 63–64.)

Subsequently, a new and similar indictment was filed in the same court (No. C–16986) in twelve counts, alleging the same offenses. One count was later dismissed and defendant was ultimately convicted on eleven counts.

A timely motion to dismiss the second indictment with prejudice was made by appellant on the ground that previous dismissal was a bar to the prosecution of the second indictment. In ruling on this, a second judge sitting in the District Court of Arizona, after reciting the history of the matter and the contentions of the parties, ordered as follows:

"IT IS ORDERED that the defendant's motion to dismiss with prejudice is denied. The motion and argument fail to disclose wherein the defendant is prejudiced under the new indictment or wherein his rights under the Fifth or Sixth Amendments of the Constitution have been violated. Moreover, the Court in Cause No. C–16545–Phx., based its order of dismissal upon the Government's failure to prosecute, which does not bar a new indictment. (Mann v. U. S., [113 U.S.App.D.C. 27] 304 F.2d 394)." (C.T. pp. 104–05.)

### I.

The foregoing factual situation presents the first of appellant's two claims of error—that it was error to fail to deny the motion to dismiss the second Arizona indictment, after the first had been dismissed for lack of a speedy trial.

Appellant asserts this question has never been presented to a United States Circuit Court of Appeals. He therefore relies on the language of certain state court cases, (illustrated by People ex rel. Nagel v. Heider, 225 Ill. 347, 80 N.E. 291, 11 L.R.A.,N.S., 257 (1907)), and Mann v. United States, 113 U.S.App.D.C. 27, 304 F.2d 394 (1962).

We point out, however, that in the *Heider* case, the Illinois legislature had seen fit to give effect to Section 9 of Article II of the Illinois Constitution by enacting Section 18 of Division 13 of the Criminal Code, to-wit:

"Any person committed for a criminal * * * offense, and not admitted to bail, and not tried * * * within four months of the commitment * * * [if within the term of court], or * * * at or before the first term commencing after said four months, shall be set at liberty by the court, unless [etc.] * * *.

As Judge Thomsen pointed out in Petition of Provoo, D.C., 17 F.R.D. 183, Congress had passed no statute defining the term "speedy trial." He noted the Supreme Court had said in Beavers v. Haubert, 198 U.S. 77, 87, 25 S.Ct. 573, 49 L. Ed. 950 (1904):

"The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice."

In Mann v. United States, supra, the dismissal seven months after indictment

was "for want of prosecution" after the government displaced and could not find a missing document essential to the prosecution. At the time of dismissal, the judge urged the government's attorney to investigate the disappearance of the evidence and commented that since the statute of limitations had not run, appellant could be reindicted. Appellant was reindicted when the missing evidence was found.

It is true the court did say, as appellant states, "a dismissal based on a finding that the constitutional right to a speedy trial has been denied bars all further prosecution of the accused for the same offense." 304 F.2d at 397. But this is purely dictum, for after reciting the above rule, Judge Wright observes: "But these principles do not decide this case." 304 F.2d at 397. He then pointed out: "And the court clearly expressed its intent to award the dismissal without prejudice to further prosecution * * *." 304 F.2d at 397.

It is also noteworthy that Judge Wright's profusely footnoted opinion cites no case authority for the principle he states, and specifically states "there appears to be no express articulation of the rule in the reported decisions."

One writer has said a speedy trial means a trial "free from vexatious, capricious, or oppressive delays manufactured by the ministers of justice." Black's Constitutional Law § 266.

The question here raised involves a nice balancing of two rights of society— the primary obligation to the state to ascertain the guilt or innocence of the accused, and the accused's right to have the accusation determined without oppressive delay.[1]

In Frankel v. Woodrough, 7 F.2d 796, 798 (8th Cir. 1925), that circuit states, as dictum:

"The Constitutions of most of the states have provisions similar to the Sixth Amendment and many of the states have statutory definitions of the time or number of court terms within which criminal accusations must be tried. Such statutes provide usually for the discharge of accused unless the trial is within the limits so defined. The United States has no such statutory provisions and we think an accused would not be entitled to a discharge even though he were denied a speedy trial within the meaning of the Constitution. His right and only remedy would be to apply to the proper appellate court for a writ of mandamus to compel trial."

That decision, of course, was rendered prior to the adoption of Rule 48(b) of the Federal Rules of Criminal Procedure. But 48(b) likewise specifies no time limits.

In United States v. McWilliams, 82 U.S.App.D.C. 259, 163 F.2d 695 at 696, the District of Columbia Circuit, in upholding a dismissal by Judge Bolitha Laws (cf. 69 F.Supp. 812 (1946)) stated it was obviously within the trial court's discretion to so dismiss, *after:* (a) one mistrial in 1944; (b) several motions for trial, made by defendant, had been denied in 1945; (c) three continuances to permit the government to obtain "new evidence" in 1946 had been granted.

In the leading case of *Provoo,* supra, the court points out Provoo was indicted in 1949, and tried in 1952–53. His conviction was reversed, and a new indictment filed in October 1954. This was dismissed in March 1955. From 1951 on, Provoo had moved for dismissal, and objected to continuances, without avail. An important factor is mentioned in Judge Thomsen's opinion:

"The serious delay in this case was not the delay in bringing the New York case to trial, but the delay caused by the deliberate act of the government in bringing the case in New York in the first place, when the government must have known that venue in New

---

[1] This "nice balancing" is reflected in the California statute which bars, after dismissal, a second prosecution for a misdemeanor, but not for a felony. (Ephraim v. Jamestown Judicial District Court, 120 C.A.2d 741, 262 P.2d 56.)

York was at best doubtful, and took the chance for the supposed advantage to the government of proceeding in New York [refusing to supply facts to defendant's counsel which would have disclosed lack of venue in New York]." 17 F.R.D. at 201.

Judge Thomsen also emphasized his decision was based solely on the facts of the Provoo case.

"It is not necessary in this case to decide how far rights under the speedy trial provision of the Sixth Amendment may go. It is only necessary to decide the effect of the facts in this case." 17 F.R.D. at 202.

He also found as a fact that prejudice to Provoo had been shown, without making the flat ruling such prejudice is necessary to a defendant's release.

In 50 A.L.R.2d 943, the general rule is summarized:

"In the case of a dismissal of a prosecution for delay therein * * * it seems, in the absence of specific statutory authority therefor, it has been held the accused can again be prosecuted for the same offense."

Citing Ex Parte Altman, 34 F.Supp. 106 (S.D.Calif.1940), wherein an indictment dismissed "for want of prosecution" was reinstated.

■ And as Mann v. United States, supra, points out, a Rule 48(b) dismissal does not necessarily involve the constitutional right to a speedy trial.

"The accused cannot complain because a liberal application of the Rule [48] earns him temporary freedom, without according him full immunity from prosecution.[15] At most, he is

15. The inflexible rule that every dismissal for want of prosecution is necessarily with prejudice announced in District of Columbia v. Healy, D.C.Mun. App., 160 A.2d 800, is, of course, not binding on this court. Nor is it persuasive, for it is grounded on the fallacy that the defendant gains nothing by dismissal unless all further prosecution is barred. This ignores the very real advantage of being enlarged and freed from pending charges, even temporarily.

entitled to know whether the sword of Damocles still hangs over him. If the dismissal is granted pursuant to a finding that the Speedy Trial Clause has been violated, the court should expressly dismiss with prejudice. Otherwise, the dismissal should note that it is awarded without prejudice to prosecution on a new indictment or information. Here the required warning was given,[16] and, under the facts, it was

16. As a matter of form, the notation that the dismissal is granted with or without prejudice should be part of the written order. But the defect here is not fatal, since appellant was in fact advised by the judge through his colloquy with the government's attorney.

clearly a proper ruling. The conviction, the sentence, and the order denying the motion to vacate sentence are accordingly

Affirmed." 304 F.2d at 398.

Here the judge, in his first order, *must* have contemplated the possibility of a new indictment, because of his specific reference to "any subsequently returned indictment against the defendant." And just as in *Mann,* supra, the appellant was here advised by the judge, through colloquy with counsel, that the dismissal was *not* with prejudice. (C.T. pp. 52–55, et seq.)

The delay here (in serving the first indictment) was less than one year. "It appears thus far that the constitutional violation will seldom, if ever, be declared unless the delay lasts over a year." 57 Calif.L.Rev. 852, n. 38 (1957). It does not appear that the delay was deliberate or oppressive, nor that it adversely affected appellant's defense.

■ In his reply brief, appellant alludes to the "possibility" that Griffin v. State of California, 380 U.S. 609, 614, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), is applicable. Appellant's trial took place from March 9, 1965 to March 17, 1965, inclusive. Griffin v. California was decided April 28, 1965. Its rule was held to have no retrospective application in Tehan v. Shott, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 (1965).

■ We hold the order of the second district court judge, refusing to dismiss the second indictment with prejudice, was not clearly erroneous.

## II.

Appellant's second claimed error relates to the trial itself. He urges that the court refused to give an instruction that the defendant does not have to take the stand, and this cannot be held against him (etc.). The appellant relies *exclusively* (Brief, p. 16) on Bruno v. United States, 308 U.S. 287, 60 S.Ct. 198, 84 L. Ed. 257 (1939).

That case is wholly inapplicable. There Mr. Justice Frankfurter stated:

"[T]he narrow question before us is whether in these circumstances Bruno had the indefeasible right to have the jury told in substance *what he asked the judge to tell it.*" (308 U.S. at 292, 60 S.Ct. at 200.) (Emphasis added.)

This court has heretofore referred to and emphasized the necessity of a proper request in Langford v. United States, 178 F.2d 48 (9th Cir. 1949), where we referred to "the instruction *which was held to have been properly requested in Bruno v. United States * * * [etc.].*" (Emphasis added.)

■ In other words, for error to exist, the instruction on the lack of any presumption against the defendant when he fails to take the stand must not only be legally sound, it must be requested in a proper and timely manner.

In *Langford,* supra, the defendant made no objection to the erroneous instruction, and we held he had waived the point.

■ Appellant's counsel made no compliance with Rule 30—which requires a written request to instruct on the law, "as set forth in the requests." Appellant's note to the judge (Court's Exhibit VII) did not "set forth" the language in which he desired the jury instructed.[2]

Further, the trial court attempted to comply with defendant's untimely request, and before the jury retired, he asked counsel:

"Does either Counsel have any further instructions to offer at this time?"

Government counsel asked:

"What was the statement you made about failure of the defendant to take the stand?"

To which the court replied:

"I tacked it on, that he didn't have to present any testimony, including his own testimony."

To which counsel for appellant replied: "All right." (R.T. p. 1275.)

After the bailiffs had been sworn and the jury had withdrawn from the courtroom to commence deliberations, appellant then withdrew his consent to the instruction and orally requested an instruction that "the defendant does not have to take the stand and that this fact cannot be held against him nor any inference made thereto." (R.T. pp. 1277–1278.)

■ Rule 30 of the Federal Rules of Criminal Procedure provides in part that "No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict * * *." In the instant case appellant did not object to the instruction on the right of an accused not to testify and further, he had specifically stated that the instruction given was "all right." "[I]n the absence of plain error," (Singer v. United States, 380 U.S. 24 at 38, 85 S.Ct. 783, at 791, 13 L.Ed.2d 630 (1964)) appellant's failure to object has foreclosed the right to review. Phillips v. United States, 334 F.2d 589 (9th Cir. 1964), cert. den. 379 U.S. 1002, 85 S.Ct. 723, 13 L.Ed.2d 703. Failure to instruct on the right of an accused not to testify, is not reversible error in the absence of a request or objection. Pereira v. United States, 202 F.2d

---

2. This note, written on the back of a refused instruction reads:

"I want to approach bench before instructions.

I think I forgot to ask for instruction that defendant doesn't have to take stand and can't be held against him, etc."

830 (5th Cir. 1953), aff'd 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435.

The request to order the entry of a judgment of acquittal as to all counts is denied, and the conviction on all counts is

Affirmed.