**Fred D. DICKINSON, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 27007**

**Summary Calendar.**

United States Court of Appeals Fifth Circuit.

Jan. 23, 1970.

S. Thompson Tygart, Jr., Jacksonville, Fla. (Court Appointed), for appellant.

Fred D. Dickinson, pro se.

John L. Briggs, U. S. Atty., Allan P. Clark, Asst. U. S. Atty., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case

on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 409 F.2d 804, Part I (5th Cir. 1969); and Huth v. Southern Pacific Company, 417 F.2d 526, Part I (5th Cir. 1969).

Because the issues on the merits of this appeal are narrow and simple we choose to pretermit discussion of the complex issue of whether the appeal was timely filed and whether there was excusable neglect for the alleged late filing, and to proceed directly to discussion of the merits.

The District Court instructed the jury as follows:

> The defendant is not bound to explain anything and his failure to explain anything connected with the case cannot be considered by you as a circumstance that tends to prove the defendant guilty.

The jury was instructed also that the defendant was presumed innocent and that the government has the burden of proving each element of the charge beyond and to the exclusion of every reasonable doubt.

■■■ Failure to instruct on the right of an accused not to testify is not reversible error in the absence of a request. Cohen v. United States, 366 F.2d 363 (9th Cir.), cert. den. 385 U.S. 1035, 87 S.Ct. 771, 17 L.Ed.2d 682 (1967). The trial court may of its own volition charge on failure to testify. Bellard v. United States, 356 F.2d 437 (5th Cir. 1966). That is what the trial judge did in this instance. There was no objection to the charge at trial, and on this appeal we are pointed to no respect in which appellant says the charge was an erroneous statement of the law, only to the claim that it was too cursory, weak and inadequate. Even if this were a valid ground of objection at trial, which we need not decide, it would not be plain error as required by Fed.R.Crim.P. 52.

Appellant made a motion for new trial on grounds not here pertinent. When the motion was heard trial counsel for appellant reported to the District Judge that he had written a letter to a member of the jury, "asking him what the jury had relied on," and the juryman had replied with a letter setting out six factors, one of which was that the defendant had not taken the stand. The body of the juryman's letter is as follows:

> Your inquiry concerning the jury findings in the Dickinson case in Federal Court October 20 is appreciated.

> You presented a good case and should have no feelings of regret concerning the guilty verdict.

> FIRST: Mr. Dickinson was traveling under two names.

> SECOND: Mr. Dickinson was positively identified as the person breaking into a parked automobile.

> THIRD: Mr. Dickinson (according to testimony) swerved his car toward a *Federal officer* who was holding his hand up to STOP the car rushing toward him.

> FOURTH: According to testimony, Mr. Dickinson cut his car sharpley [sic] from the roadbed across a sand corner in an effort to leave the scene of the confrontation.

> FIFTH: Mr. Dickinson fled from the scene after his car was apprehended two or three miles up the road.

> SIXTH: Mr. Dickinson had an opportunity to speak for himself on the witness stand but for reasons unknown he chose not to testify.

> Fleeing from the scenes, operating under two names and failure to heed an officer's stop signal were the principal factors I considered.

Appellant was allowed to orally amend his motion for new trial to add these statements of the juror as a ground and to file the letter, and the court considered this ground and denied the motion.

■■■ This is not a case of improper communication to the jury of evidence not introduced at trial. It does not reach the dignity of a showing that jurors discussed the failure to testify as indicating guilt, therefore, we do not reach the issue whether there is continuing via-

bility to Davis v. United States, 47 F.2d 1071 (5th Cir. 1931) and Williams v. United States, 3 F.2d 933 (6th Cir. 1925), which hold this is not a ground for new trial.[1] Pretermitting that the letter was not verified or authenticated and not supported by affidavit or oral testimony, the most that it reveals is some sort of mental process of one juror, asserted to impeach the unanimous verdict of all, which is not ground for the trial court's reopening the verdict, Rotondo v. Isthmian Steamship Co., 243 F.2d 581 (2d Cir. 1957), and *a fortiori* not ground for a holding that the trial court abused its discretion in denying the motion for new trial. Though the ancient strictures against impeaching the sanctity of the verdict have been relaxed, this case demonstrates the necessity for care in making exceptions. The jury should not be exposed to post-verdict fishing expeditions into their mental processes with the hope that something will turn up.

Affirmed.

---

1. We do not, by mentioning the issue, indicate even a hint of a view thereon.