**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Aubrey E. BAIN, Defendant-Appellant.**

No. 78–5502.

United States Court of Appeals,
Fifth Circuit.

May 29, 1979.

Rehearing Denied July 5, 1979.

Robert J. Zibilich, court-appointed, New Orleans, La., for defendant-appellant.

John P. Volz, U. S. Atty., Dennis J. Dannel, Robert J. Boitmann, Earl N. Vaughan, Asst. U. S. Attys., New Orleans, La., for plaintiff-appellee.

Before THORNBERRY, CLARK and RONEY, Circuit Judges.

THORNBERRY, Circuit Judge:

This is a direct criminal appeal. The appellant, Aubrey Bain, was convicted of conspiracy to possess with intent to distribute Dilaudid, 21 U.S.C. § 846 and various substantive counts of distribution of Dilaudid, 21 U.S.C. § 841(a)(1). Because we hold that the trial judge improperly refused to give a requested charge, we reverse.[1]

During the course of trial, Bain properly requested the following charge which instructs the jury not to draw an adverse inference from his failure to testify.[2]

> The law does not compel a defendant in a criminal case to take the witness stand and testify, and, if he elects not to do so, no presumption of any kind can be raised against him, and no inference of any kind may be drawn by you from the fact he did not testify.

The first step in our analysis is whether Bain is entitled to such a charge.

In *Bruno v. United States,* 308 U.S. 287, 60 S.Ct. 198, 84 L.Ed. 257 (1939), the Supreme Court held that the provision of 28 U.S.C. § 632[3] which legislates[4] against any presumption from a defendant's failure to testify requires that a defendant be given a properly requested charge[5] similar to the one requested here.[6]

Next, we must address the government's argument that the requested charge was superfluous because the essence of the requested instruction was contained in the following charge given by the trial judge:

> The law does not require of the defendant that he prove himself innocent nor is the defendant required to explain any matter which is not proved or about which you have a reasonable doubt, nor is he required to call any witnesses or produce any evidence but the burden is upon the Government to prove the defendant's guilt by evidence beyond a reasonable doubt.
>
> . . . Since the burden is upon the Government to prove a defendant guilty beyond a reasonable doubt by proving beyond a reasonable doubt every essential element of the crime charged, the defendant has the right to rely upon the failure of the prosecution to establish such proof. The defendant may also rely upon evidence brought out on cross-examination of witnesses for the prosecution. The law does not impose upon the defendant the duty of producing any evidence.

Fairly, we think the given charge might be termed a "burden of proof" charge. Its function is to inform the jury that the government must carry the burden proving the defendant's guilt. We think the given charge is significantly dissimilar to the "failure to testify" charge requested.

It is not logically impossible for the government to have the burden of proof, but also allow a jury to draw an adverse

---

1. Because we reverse this conviction, none of Bain's other arguments need be reached except Bain's requested charge concerning police testimony. His argument is insubstantial.

2. The charge is taken from Devitt & Blackmar, Federal Jury Practice & Instructions §§ 12.10 and 12.11.

3. This section with minor variation is now found at 18 U.S.C. § 3481. The present section reads:

   > In trial of all persons charged with the commission of offenses against the United States and in all proceedings in courts martial and courts of inquiry in any State, District, Possession or Territory, the person charged shall, at his own request, be a competent witness. His failure to make such request shall not create any presumption against him.

4. Since we have decided this case on statutory ground, it is totally unnecessary to determine constitutional requirements. See *Adamson v. California,* 332 U.S. 46, 67 S.Ct. 1672, 91 L.Ed. 1903 (1947); *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965).

5. See *Dickinson v. United States,* 421 F.2d 630 (5 Cir. 1970); *Cohen v. United States,* 366 F.2d 363 (9 Cir. 1966).

6. The requested charge in *Bruno* was:

   > The failure of any defendant to take the witness stand and testify in his own behalf, does not create any presumption against him; the jury is charged that it must not permit that fact to weigh in the slightest degree against any such defendant, nor should this fact enter into the discussions or deliberations of the jury in any manner.

inference from the defendant's failure to testify. *Cf. Baxter v. Palmigiano,* 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976) (in prison discipline proceeding state's decision must be based on substantial evidence, state may draw adverse inference from the inmate's failure to testify, but silence is insufficient alone to sustain the state's burden). Given this possibility, we think the requested charge gives the jury additional guidance to which the defendant is entitled. Support for this view is provided by the Supreme Court in *Taylor v. Kentucky,* 436 U.S. 478, 98 S.Ct. 1930, 56 L.Ed.2d 468 (1978). In *Taylor* the state argued that a given instruction concerning the burden of proof also contained a requested, but not given, instruction concerning the presumption of innocence. In rejecting the state's argument, the Supreme Court said:

> While the legal scholar may understand that the presumption of innocence and the prosecution's burden of proof are logically similar, the ordinary citizen well may draw significant additional guidance from an instruction on presumption of innocence.

*Id.* at 1934.

We think the instant case is controlled by *Taylor* and the jury in Bain's case is entitled to the additional instruction that informs it to draw no adverse inference from the failure of the defendant to testify.

Our last inquiry is whether the trial judge's error affected substantial rights of the parties or is nonreversible harmless error. We agree with Mr. Justice Frankfurter in *Bruno* that we are incapable of psychologically determining that the requested charge would have no affect on the jury.[7] We therefore think the failure to give the requested instruction rises to the level of reversible error. *United States v. Williams,* 573 F.2d 284 (5 Cir. 1978).

REVERSED.

7. The government suggested in oral argument that Bain fares better without the requested instruction since the instruction waves the red flag to the jury that he has not testified. *See Lakeside v. Oregon,* 435 U.S. 333, 98 S.Ct. 1091, 55 L.Ed.2d 319 (1978). Happily, we need

RONEY, Circuit Judge, dissenting:

I respectfully dissent. In my judgment, the experienced trial judge's instructions fully communicated to the jury the fact that it could not consider any adverse presumption against defendant because he failed to testify.

*Bruno v. United States,* 308 U.S. 287, 60 S.Ct. 198, 84 L.Ed.2d 257 (1939), does not require a formula of words. Justice Frankfurter there said:

> We conclude that the substance of the denied request should have been granted . . . .

308 U.S. at 294, 60 S.Ct. at 201.

The trial judge specifically instructed the jury on just what evidence it could consider, telling it that its verdict had to rest on that evidence alone. He then gave the instruction quoted in Judge Thornberry's opinion which, taken together with the rest of the charge, tells the jury that it cannot consider in any way the fact that the defendant produced no evidence, which encompasses the fact that he did not himself testify. The jury must have understood that it could draw no inference of any kind from defendant's failure to produce evidence, including his own testimony.

The other points on appeal being without merit, I would affirm the conviction.

not determine the psychological effect of this charge on the jury since Bain has, as a matter of trial strategy, chosen to take this chance and has requested an instruction to which he is entitled.